MAGNOLIA WAREHOUSE & STORAGE COMPANY v. DAVIS & BLACKWELL.

No. 2521.        Decided May 30, 1917.

1.—Contract in Writing—Parol Evidence.

The general rule that parol evidence can not be received to contradict, vary, or add to the terms of a written contract, is subject to this well settled exception: If the instrument itself shows to be ambiguous or incomplete, parol evidence is admissible to show what the real contract was, to the extent necessary to remove the ambiguity and to make complete the terms which the written contract shows to be incomplete. (Pp. 424.)

2.—Same—Case Stated.

A written contract provided for excavation and removal of earth to prepare site for building. The contractors were to "furnish the tools, appliances and labor necessary to excavate the earth . . . and transport the same to points that have been indicated." Another section of the instrument named the price per cubic yard "excavated and hauled into such place as may be designated by the owner," and that for each cubic yard "excavated and loaded on cars." Another section provided: "No payment for overhaul will be allowed. The contractor has examined the plans and the site of the work and understands the distance to which the earth will have to be hauled." Held (Mr. Chief Justice Phillips dissenting) that the terms of the written contract being on its face incomplete, and to some extent contradictory, parol evidence was properly admitted to show:

1. That the points to which the earth was to be hauled and at which it was to be delivered by the contractor were a gully near the site, and cars to be furnished by the owner on the railway track. (Pp. 424, 425.)

2. That the "tools and appliances" to be furnished by the contractors did not include cars; and that these were to be cars furnished by the owner,—constituting the place where the contractors undertook to deliver the earth loaded on them. (P. 426.)

3. That the hauling to and loading on the cars was all that was meant by the term "transport" as used in the contract, such cars being the designated and understood place of delivery. (P. 426.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Harris County.

Davis & Blackwell sued the warehouse and storage company and recovered judgment. The company appealed, and on affirmance (153 S. W., 670) obtained writ of error.

*John Charles Harris* (*Harris & Harris,* of counsel), for plaintiff in error.—No written contract can be added to, altered, varied, changed or contradicted by parol testimony. Horan v. Long, 11 Texas, 232; Castro v. Illies, 13 Texas, 231; Rockmore v. Davenport, 14 Texas, 604; Reid v. Allen, 18 Texas, 248; Hunt v. White, 24 Texas, 650; Self v. King, 28 Texas, 553; Smith v. Garrett, 29 Texas, 53; Wright v. Hays, 34 Texas, 253; Burleson v. Grant, 36 Texas, 61; Gonzales College v. McHugh, 39 Texas, 348; Adams v. Hicks, 41 Texas, 243; Donley v. Bush, 44 Texas, 7; Bigham v. Talbot, 51 Texas, 452; Belcher v. Mulhall, 57 Texas, 19; Roundtree v. Gilroy, 57 Texas, 180; Yetter v. Hudson, 57 Texas, 610.

*Lewis, Boyd & Norton* and *John B. Warren,* for defendants in error.— The contract sued upon was partly written and partly verbal and the testimony objected to had reference only to such part of the contract as was verbal and did not alter, vary or contradict the written contract. Thomas v. Hammond, 47 Texas, 52; Kirk v. Brazos Co., 73 Texas, 57; McLean v. Ellis, 79 Texas, 398; Railway Co. v. Jones, 82 Texas, 161; Herring v. Mason, 17 Texas Civ. App., 576; Jones on Evidence (2d ed.), secs. 439, 440, 441, 442.

MR. JUSTICE YANTIS delivered the opinion of the court.

This suit was instituted to recover damages for the breach of an existing contract between Davis & Blackwell, as partners, who were plaintiffs in the District Court, and the Magnolia Warehouse & Storage Company, a corporation, which was defendant in the District Court. The contract required Davis & Blackwell to excavate and move about 20,000 cubic yards of earth from a certain lot situated near Harrisburg, about four miles south of the City of Houston, upon which lot the plaintiff in error, the Magnolia Warehouse & Storage Company, desired to erect a warehouse. Davis & Blackwell, who are defendants in error here, sought to recover damages for the refusal of the plaintiff in error to permit them, in accordance with said contract, to do the excavating provided for therein, which refusal is alleged to have resulted to them in the loss of large profits under said contract. There was a jury trial. The verdict was favorable to Davis & Blackwell, the defendants in error. Appeal was taken by the plaintiff in error from said judgment. The case on such appeal was decided by the Court of Civil Appeals for the Eighth District, which court affirmed the judgment of the District Court. A writ of error was granted by this court on the petition of the Magnolia Warehouse & Storage Company, plaintiff in error.

The original petition of the defendants in error alleged the terms of the contract, but did not allege the contract to be in writing. The plaintiff in error, in its answer, alleged that the contract was in writing, and that the defendants in error were bound by the written contract, which was quoted in said answer. By supplemental petition the defendants in error admitted the written contract, but alleged that it showed on its face that other agreements had been made by the parties to it, which were not incorporated therein, and to which the said written contract specifically referred; that the real argcement between the parties was partly in writing and partly verbal; that the plans and specifications mentioned in said contract were verbal specifications, and that article 8 of said written contract showed that the parties were contracting with reference to the removal of the earth from the place of excavation to points that had been agreed upon between them verbally, and that the contract showed upon its face that the parties had agreed upon a distance to which the dirt would have to be hauled, but said contract did not set forth the place or the distance to which the earth should be hauled by the defendants in error, on all of which questions the defendants in error were entitled to make proof of said agreements by parol testimony. The defendants in error also alleged that prior to the execution of said contract, and at the time the plaintiff in error was asking for bids upon the work contemplated, the latter designated as one point at which to deliver the dirt, a certain gully near the said lot; and designated cars as another point of delivery, to be placed by it on the railroad track nearest to their lot upon which the remainder of said dirt was to be loaded; that the points to which the said earth was to be removed had been indicated and designated by the plaintiff in error as being on the cars and in the gully mentioned.

The trial court permitted the defendants in error to prove by parol testimony, over the objection of the plaintiff in error, that the points which were designated to which the excavated earth was to be removed was a gully adjacent to the lot, and on cars adjacent to the lot, which were to be furnished by the plaintiff in error. Objection was made to the introduction of this evidence, on the ground that it tended to vary, contradict, alter, add to, change and explain away the terms of said written contract by oral testimony, and that there was no allegation in the defendants in error's petition of any accident, fraud or mutual mistake in making said written contract; for which reasons it was and is claimed that the evidence was inadmissible, and should have been excluded by the trial court.

The general rule is that parol testimony can not be received to contradict, vary, add to or subtract from the terms of a valid written contract. But one of the exceptions to the general rule is, that if the written instrument itself shows to be either ambiguous or incomplete parol testimony is admissible to show what the real contract was to the extent necessary to remove the ambiguity, and to make the contract complete in its terms which show to be incomplete. The exception to

the general rule is as well settled as is the rule itself. Jones, Commentaries on Evidence, sec. 434.

We think the evidence objected to was admissible. Section 8 of the contract provides that Davis & Blackwell agree to "furnish the tools, appliances and labor necessary to excavate the earth . . . and transport the same to points that have been indicated." This clearly indicates that the parties had agreed upon the points to which the earth should be carried. But such points are not named in the written contract. In this respect the contract is incomplete, and parol testimony was admissible to locate these points which had been agreed upon as indicated. Again, while section 8 states that the points to which the earth is to be carried have been indicated, section 23 contradicts this statement by providing that the earth shall be hauled into such place as may be designated by the owner, which was the plaintiff in error. Section 8 is silent as to the location of the points for delivering the dirt, but states that the points "have been indicated," while section 23 leaves it to the owner to designate subsequent to the execution of the contract the location of said points. Section 20 states that "the contractor has examined the plans and the site of the work and understands the distance to which the earth will have to be hauled." But it fails to state the distance it is to be hauled, or the points to which it is to be hauled. This section also provides that there should be no payment for overhaul, which again indicates that the parties had agreed upon the distance the dirt should be hauled, and the points of delivery. This again shows the written contract to be incomplete in that it fails to provide for the length of the haul, or the points of delivery. Said sections 8, 23 and 20, referred to, are as follows:

"Art. 8. The contractor agrees to furnish the tools, appliances and labor necessary to excavate the earth on the west side of the property where it is proposed to build a warehouse and transport the same to points that have been indicated. It being the purpose to grade the property to a uniform and true plane. The total number of cubic yards to be moved is estimated at twenty thousand."

"Art. 23. In consideration of the completion of the work embraced in these plans and specifications, and in conformity with the conditions herein, the Magnolia Warehouse & Storage Company agrees to pay to the contractor $22\frac{1}{2}$ cents per cubic yard for each cubic yard excavated and hauled into such place as may be designated by the owner, and $22\frac{1}{2}$ cents per cubic yard for each cubic yard excavated and loaded on cars."

"Art. 20. The grading work shall be paid for by the cubic yard excavation measurement only. No payment for overhaul will be allowed. The contractor has examined the plans and the site of the work and understands the distance to which the earth will have to be hauled."

The written contract in fact made and agreed upon shows upon its face to be incomplete, and some of its terms are contradictory, as stated,

and we think there was no error in allowing parol testimony to be introduced on these points.

We are also of opinion that it was proper to allow parol testimony to establish what the real contract was as to which party to it was to furnish the cars mentioned in section 23. It is there provided that the plaintiff in error would pay to the defendants in error 22½ cents per cubic yard "for each cubic yard excavated and hauled into such place as may be designated by the owner, and 22½ cents per cubic yard for each cubic yard excavated and loaded on cars." From this it plainly appears that it had been agreed that one of the parties to the suit should furnish the cars upon which a portion of the dirt should be loaded. But the written contract fails to state which party to it was to furnish the cars. This showed the contract to be incomplete also, in this respect, and rendered admissible the evidence which was introduced to the effect that the plaintiff in error agreed to furnish the cars.

The defendants in error had agreed in section 8 to furnish the tools, appliances and labor necessary to excavate the earth and to transport the same to the points that had been indicated. But we do not think the term "tools and appliances" necessarily included the cars that were to be loaded. And especially is this true if the cars were but points which had been agreed upon on which to place the dirt that was to be excavated. And since section 8 plainly shows that the points to which the earth should be transported had been agreed upon then, it was permissible to supplement the written contract by parol testimony to determine what points were to receive the dirt, and it is beyond our power to declare that the cars could not have been agreed upon between the parties as points of delivery. We do not think the word "transport" as used in section 8 excludes the cars as points of delivery. We think this word is to be used according to its ordinary signification, in which sense it means to convey from one point to another without reference to the distance between the points. If the word were used in a technical sense, as applied to the special calling of conducting a railroad business, it might have an enlarged meaning. But we think the contract upon its face shows that the word "transport" was not used in a technical sense, but in its ordinary sense, for it will be observed that in section 23, and again in section 20, the word "hauled" is used instead of the word "transport," which is used in section 8; and again in the latter portion of section 23 it is provided that the plaintiff in error will pay to Davis & Blackwell 22½ cents per cubic yard for the dirt hauled into such place as may be designated by the owner, *and* 22½ cents per cubic yard for each cubic yard excavated *and loaded on cars.* This strongly implies that there was to be no transportation of the dirt by the defendants in error except to load it on the cars. So we think that by the use of the words and terms employed in the written contract the intention of the parties to it was to use the word "transport" in its ordinary meaning, and not in a technical sense.

We conclude that there was no error in permitting the defendants in

error to introduce parol evidence upon the points indicated, in order to remove.ambiguity from the written contract, and in order to make complete the terms of the contract which were incomplete as written.

The judgments of the Court of Civil Appeals and of the District Court should be affirmed, and it is so ordered.

*Affirmed.*

(Mr. Chief Justice Phillips dissents.)