**MILLER et ux. v. WILSON.  (No. 7084.)**

(Court of Civil Appeals of Texas.  San Antonio.  Jan. 30, 1924.  Rehearing Denied· Feb. 27, 1924.)

1. **Vendor and purchaser** ⊙⟹49—**Vendor held not to have complied with covenant to lay out, open, and pave street adjoining lot sold.**

Where defendant vendor agreed in writing to cause a street to be opened, laid out, and established, adjoining the lot conveyed, and to have the street macadamized, his dedication of the street to the city by conveyance and subsequent opening of the same and curbing thereof on both sides, but leaving the street in impassable condition at times, *held* not a compliance with the covenant.

### On Motion for Rehearing.

2. **Evidence** ⊙⟹411, 448—**Parol testimony held admissible to extent of removing ambiguity and making contract complete.**

If a written instrument on its face shows it to be either ambiguous or incomplete, parol testimony is admissible to show what the real contract was, to the extent necessary to remove the ambiguity and to make the contract complete.

3. **Vendor and purchaser** ⊙⟹351(1)—**For vendor's breach of agreement to establish street, purchasers entitled to amount necessary to put street in condition agreed.**

Upon defendant vendor's breach of his contract to lay, open, and establish a macadamized street adjoining the lots sold to plaintiffs, the latter are entitled as damages to whatever sum is needed to put the street in the condition agreed upon in the contract, and in assessing damages the court may consider the difference between the amount paid for the property with the improvements situated thereon when completed, and the value of those improvements without the completed street, the rule of damages fixed by Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a, 3973b, in cases of fraud not being applicable.

Error from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by Gus J. Miller and others against George W. Wilson.  Judgment for defendant, and plaintiffs bring error.  Reversed and remanded.

W. W. King, of San Antonio, for plaintiffs in error.

Leonard Brown, of San Antonio, for defendant in error.

COBBS, J.  Plaintiffs in error brought this suit against defendant in error to recover damages for the breach of an alleged contract in writing, in respect to the purchase and sale of lot No. 16, new city block 1766, on the east side of Avenue D., having a front of 50 feet on Avenue D., and running back for depth 88 feet; the consideration being $1,662.50.  The inducing cause of the sale

was expressed in the contemporaneous written agreement that—

"The seller agrees within a reasonable time, after the execution of this contract, to cause a street to be opened, layed out, and established south of and adjoining the property herein contracted to be conveyed, to be known as Carson street, having a width of about 50 feet, so that the property herein contracted to be conveyed shall be a corner lot."

The further inducement was that the plaintiffs in error were to have an entrance on a paved street to their garage, to be constructed on the rear of said lot, for ingress and egress.  In consideration thereof, plaintiffs in error constructed a large and commodious duplex house at a cost of $8,000, together with a garage for their use, opening upon Carson street, which they would not have constructed but for defendant in error's obligation to open and pave Carson street.

The defense pleaded was general demurrer and general denial.

The case was tried by the court without a jury, and judgment entered in favor of defendant in error.

No findings of fact or conclusions of law were requested, made, or filed, and we have some difficulty in ascertaining the views of the trial court.

The proof shows a demand and refusal on the part of the defendant in error to pave or macadamize the street, as agreed, and that the street is well nigh impassable at times, and would require at least an expenditure of $500 to put it in shape for use.

Judging from bill of exceptions No. 1, and from the statement of the trial judge thereon "that the true measure of damages was that fixed by the statute," which is also the contention of defendant in error, the case was disposed of by applying the wrong measure of damages.  The articles referred to are articles 3973a and 3973b, Vernon's Ann. Civ. St. Supp. 1922, relating to actionable fraud, in this state; article 3973b providing as follows:

"All persons guilty of fraud, as defined in this act, shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented * * * had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract."

[1] We do not think that statute is applicable to the case under discussion, and gives the proper rule to measure the damages.  Here plaintiffs in error are suing on the breach of a contract, a covenant with the land.  They lost no bargain; they got the land they contracted for.  There was no fraudulent misrepresentations made in connection with its sale.  All there is to it is,

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant in error made an independent contract to open and macadamize a street, and has breached his contract so to do. He attempts to justify his conduct, among other things, by saying and showing:

"He prepared and filed a plat of record in the office of the county clerk of Bexar county, Tex., showing a street adjoining said lot, opened the same, and had curbing placed on both sides of the same, and executed and delivered to the city of San Antonio a deed conveying said property adjoining said lot contracted to be sold, as a street."

This was essential, perhaps, for dedicating the street, and the method used to open and dedicate the street to the city, but this is no sort of defense to the claim of plaintiffs in error. The defendant in error could not avoid his obligation by the attempted substitution of the city, who in time might pave the street; and petitioners' right cannot be postponed to some slow and tardy municipal action or contingency. The defendant in error bound himself "within a reasonable time after the execution of this contract to cause a street to be opened, layed out, and established south of and adjoining the property herein contracted to be conveyed, to be known as Carson street, having a width of about 50 feet," and have it macadamized. This the defendant in error now refuses to do.

We do not see how the trial court refused to find some damages in favor of plaintiffs in error, because the proof shows a clear breach by defendant in error of his contract, and that plaintiffs in error have suffered damages by reason thereof.

The measure of damages is not, as contended by the defendant in error to be, the difference between the value of the property with the street established and the value of the property without the street established, which rule is only applicable where the injury is permanent. Abney v. Roberts (Tex. Civ. App.) 166 S. W. 411. The injury here was of a temporary character, and would disappear with the compliance of defendant in error's contract to open, establish, and macadamize the street. His failure to do so required it to be done by the plaintiffs in error, or left alone.

The injury being temporary, petitioners should be permitted to recover the amount necessary to put the street in the condition the parties agreed it should be, under the terms of the contract. There is no other basis or measure to be used in compensating the plaintiffs in error.

For the reason given, the judgment of the trial court is reversed, and the cause remanded for a new trial.

Reversed and remanded.

## On Motion for Rehearing.

The first contention defendant in error makes is that he complied with his contract by indicating a street upon his unplatted property, so that, within the letter of that portion of the contract that contemplated a sale of a corner lot, he had satisfied his obligation.

The contract did not stop there, but he also agreed therein "to cause a street to be opened, layed out, and established," etc. The so-called street "established" by defendant in error is not adequate, and is at times impassable. It is not in compliance with the terms of the contract.

Judge Moursund, for this court, in Lasater v. Lopez, 202 S. W. 1039, made very clear what is meant by the words "to establish streets," which concludes defendant in error's contention.

[2] The testimony introduced does not in the least contradict the written contract, but, as said in Magnolia Co. v. Davis, 108 Tex. 422, 195 S. W. 184:

"The general rule is that parol testimony cannot be received to contradict, vary, add to, or subtract from the terms of a valid written contract. But one of the exceptions to the general rule is that, if the written instrument itself shows to be either ambiguous or incomplete, parol testimony is admissible to show what the real contract was to the extent necessary to remove the ambiguity, and to make the contract complete in its terms which show to be incomplete. The exception to the general rule is as well settled as is the rule itself."

The contract itself is silent as to what kind of street should be established. Certainly it was never contemplated that the contract could be complied with by furnishing the kind of street that was furnished.

There is nothing new in the motion for a rehearing not heretofore considered. But counsel for defendant in error says he has found the case of Lakewood Heights Co. v. McCuistion (Tex. Civ. App.) 226 S. W. 1109, which exactly supports his contention on the measure of damages, and is in conflict with this court.

There is no conflict there, apparent or implied. In the cited case, under a collateral agreement of purchase, the seller of the lots in Dallas agreed to furnish electricity, gas, water, sewers, macadamized streets, and street cars. The measure of damages submitted to the jury for the breach was the difference between the value of the property with sewerage, etc., supplied and not supplied. This cause was reversed and remanded.

[3] Here we have a contract executed in every particular save as to establishing the street. That part of the contract has been breached, and plaintiffs in error are entitled to recover their damages, if any, for whatever sum it will require to put them in statu quo; or, in other words, to put it in the condition agreed upon. In assessing the damages, the court may consider the difference between the amount paid for the property

with the improvements situated thereon when completed, and the value of said improvements without the completed street, and what it will cost to put the street in the condition agreed upon.

The motion is overruled.