## JACK W. NEAL AUTO CO. et al. v. SERNA. (No. 7117.)

(Court of Civil Appeals of Texas. San Antonio. March 5, 1924. Rehearing Denied March 26, 1924.)

1. **Evidence ⊙=397(2)—All verbal terms presumed to be embraced in writing, and evidence contrary to express terms of written contract ordinarily inadmissible.**

All prior verbal terms and negotiations are presumed reduced to writing and embraced within the terms of the writing itself, and evidence ordinarily cannot be introduced contrary to its express terms, in the absence of pleading and proof of fraud or mistake.

2. **Evidence ⊙=442(6)—Evidence of parol agreement to credit drop in price of car held admissible under proper pleading.**

In a suit to cancel a note and mortgage given for the purchase price of an automobile, evidence of a parol agreement to credit any drop in price of the car before a certain date, held admissible under proper pleading of such agreement and its omission on the ground of fraud and mistake.

3. **Cancellation of instruments ⊙=47—Testimony held to show full payment of purchase price of car.**

In a suit to cancel a note and mortgagee given for the purchase price of an automobile, testimony held to sustain plaintiff's contention that, by virtue of an oral agreement to deduct the amount of any drop in price of the car, plaintiff had already paid the full purchase price.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Suit by A. I. Serna against the Jack W. Neal Auto Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Russell & Woodhull and Robert H. Wallace, all of San Antonio, for appellants.

H. S. Groesbeck, of San Antonio, for appellee.

COBBS, J. This suit was filed by appellee against appellants to cancel a note for $974, the purchase price of one Chevrolet automobile. The consideration and terms of payment were $300, represented by an old Ford automobile, to be credited on said note, and $67.40 payable March 5, 1921, and $67.40, payable each and every month thereafter until fully paid. At the same time appellee executed, as security for the payment of said note, a chattel mortgage upon said automobile, which is likewise sought to be conceled.

It is alleged by appellee that at the time of the making of said contract there was an understanding and agreement between them to the effect that, if there should be a drop in the price of said automobile, whereby they would be sold for a less amount, any time prior to May 15, 1921, appellee would be cred-

---

ited upon his said obligation the amount of said drop or reduced price in the market; that this agreement was well understood, otherwise the purchase would not have been made and the contract agreed upon and entered into; that said drop in price did occur to the extent of $205 prior to May 15, 1921, which entitled appellee to have that credit indorsed on his obligation, which credit appellants refused to allow; that part of said agreement was verbal and not reduced to writing through fraud and mistake. The pleading upon that portion of the contract and its omission on the ground of fraud and mistake is full and ample.

It was also alleged that the automobile was sold under a guaranty against defective workmanship for a period of 90 days, and before the expiration of 90 days certain defects in workmanship and material did appear, and, appellants having refused to remedy or repair the same, the appellee was required to pay the sum of $20.75 therefor, for which he asks judgment. He also pleads payment in full accord and satisfaction; the manner of payment being $205.75 credit to which he was entitled by reason of the drop in the sale price of said automobiles, and $20.75, amount paid for repairs, etc., which left $7.50 due on the note; which he paid by his personal check.

Appellants filed various exceptions to the petition, which were properly overruled. Appellants also by cross-bill sought judgment on the note with foreclosure of the chattel mortgage lien.

The case was tried with a jury upon special charges submitting special issues. Judgment upon the special issues was entered thereupon by the court that the note and chattel mortgage be canceled and held for naught, and that appellants be denied any recovery on their cross-action against appellee.

[1] Appellants' first, second, and third propositions are all to the effect that, the note and mortgage being in writing, their terms could not be contradicted, changed, altered or varied by the terms of the alleged oral contract made at the time. All prior verbal terms and negotiations are presumed to be reduced to writing and embraced within the terms of the writing itself, and evidence ordinarily cannot be introduced contrary to its express terms in the absence of pleading and proof.

[2] But in this case the pleading set out the necessary defense of fraud and mistake, and offered proof thereon. The issues were submitted to the jury by the court, which with the answers of the jury are as follows, to wit:

"(2) Did the said Smith or Jackson, on or about February 5, 1921, verbally represent to and agree with plaintiff, Serna, that, if plaintiff would purchase the automobile in controversy, in the event the price of said automobiles should drop on or before May 15, 1921, the defendants, or rather the Jack W. Neal Auto Company, would allow plaintiff the amount of such drop in price as a credit on the purchase price of said automobile? Answer 'Yes' or 'No'.

"Answer: Yes.

"(3) In purchasing said automobile did plaintiff Serna rely upon such representations and agreement, if you find any were made? Answer 'Yes' or 'No.'

"Answer: Yes.

"(4) Was plaintiff, Serna, induced to purchase said automobile by reason of such representations and agreement, if any? Answer 'Yes' or 'No.'

"Answer: Yes.

"(5) Did the price of Chevrolet automobiles drop between February 5, 1921, and May 15, 1921? Answer 'Yes' or 'No.'

"Answer: Yes.

"(6) What amount, if any, did Chevrolet automobiles drop during the period inquired about in the preceding question? Answer, stating the amount, if any.

"Answer: $201$^{50}$/$_{100}$.

"(7) Did the defendants, or either of them, at or about the time of the purchase by plaintiff, Serna, of the automobile in controversy, guarantee said plaintiff against any defective workmanship and material that should develop in said automobile within a period of 90 days from said purchase? Answer 'Yes' or 'No.'

"Answer: Yes."

The rule is so well settled as to when an instrument purporting to be the written contract can be explained, added to, changed, or varied by parol it would serve no useful purpose to discuss it at length here. A few days ago we had occasion to pass upon the substantial question in the case of Gus J. Miller, v. Geo. W. Miller, 259 S. W. ——, on appeal from the same court from which this appeal is taken, and in which opinion we cited and quoted from Magnolia Co. y. Davis, 108 Tex. 422, 195 S. W. 184, which seemed to us a very proper rule.

The issue in this case was very well submitted to the jury, and their finding is sustained by the testimony.

It clearly appears from the testimony that one of the inducing causes of the trade was that the appellee was to receive the benefit of the drop price, and it was expressly understood that if it were not agreed to appellee would not trade, and when the note and mortgage were presented for appellee's signature, with such terms left out, he timely objected, but appellants induced appellee to sign by promising to carry out the terms of the verbal agreement, upon which representation and promise appellee relied, and signed the agreement with the oral terms left out. Appellee believed appellants' representations were true, and, having confidence that appellants would carry out the terms of the oral agreement, executed the note and chattel mortgage.

Appellants, in a supplemental list of au-

thorities, cite the case of Chalk v. Daggett, 257 S. W. 228, delivered by the Commission of Appeals on the 9th day of January, 1924, as conclusive of the question here. We do not so consider it. In that case the defense was that, when the contract was entered into, there was a parol contract whereby certain previous partnership affairs between Chalk and Daggett were to be settled by an accounting in the future, and the amounts found to be due Chalk as a result thereof were to be credited on the notes, and the notes were not to be collected until the accounting was had. Special exception to that part of the answer that the notes were "not to be paid," etc., was sustained on the ground that the written contract could not be varied by parol. The court said:

"The answer alleged consideration for each of the notes; and no question of want or failure of consideration is here raised or involved. No questions of fraud, accident, or mistake were pleaded, or are raised. While the allegations as to one of the notes could hardly be construed as being clearly to the effect that the agreement that was eliminated was oral, the case appears to have been tried below, and to be presented here in connection with the allegations of an oral agreement as to the other note, upon the theory and proposition that they were wholly to that effect."

The jury found all the issues of fact in favor of appellee. They likewise found no damage in favor of appellee on account of the guaranty against defective workmanship and material. That issue is eliminated for the reason that appellee makes no complaint.

[3] There was a bona fide dispute between the parties on the settlement covering the drop price and balance remaining due. Appellants contended it was $209 on the principal and the accrued interest, together with 10 per cent. attorney's fees, and appellee claimed the balance to be $7.50, and gave his check to appellants, indorsed "In full settlement," which appellants accepted. The jury so found in answer to the very first question, and there is ample testimony for such finding.

The appellants failed to establish the cross-action, and the note and chattel mortgage were canceled, and appellants denied any recovery thereon, and judgment was accordingly for appellee.

Appellants submitted no special issues, but contented themselves with objections to those submitted by the court, which were overruled.

This case was fairly submitted to the jury, and, substantial justice having been done, all assignments of error are overruled, and the judgment is affirmed.

SMITH, J., being disqualified, did not participate in the decision of this case.