### PIERCE v. ALLEN et al.   (No. 2568.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 9, 1925. Rehearing Denied Jan. 6, 1926.)

**1. Appeal and error ⬤⟾672—Supplemental petition relying on oral modification of written contract pleaded not fundamental error.**

Where building contractor's original petition declared on written contract, alleging performance, and defendant's answer charged breach of such contract, supplemental petition alleging change in written contract by consent of parties, did not constitute fundamental error.

**2. Contracts ⬤⟾238(2)—Written contract may be modified by parol.**

Oral agreement may modify written contract unless inhibited by statute, even though such contract contains provision against modification except in writing.

**3. Pleading ⬤⟾169—Matter which "supplemental petition" may plead stated.**

Office of "supplemental petition" is to reply to answer, and it may set up new matter by way of confession and avoidance of new matter pleaded in answer, or may contain additional facts responsive to such matter, which would entitle plaintiff to affirmative relief.

[Ed. Note.—For other definitions, see Words and Phrases, Supplemental Petition.]

**4. Evidence ⬤⟾450(7)—Evidence of conversation held admissible when contract ambiguous.**

In action on building contract, where written contract was ambiguous as to work to be done, parol testimony of conversation in which witness told defendant what needed to be done *held* admissible.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Wilbarger County; J. V. Leak, Judge.

Suit by Harvey C. Allen and others against T. L. Pierce. Judgment for plaintiffs, and defendant appeals. Affirmed.

Cook, Cook & Donaghey and L. P. Bonner, all of Vernon, for appellant.

Berry, Stokes & Killough, of Vernon, for appellees.

JACKSON, J. This suit was instituted in the district court of Wilbarger county, Tex., by Harvey C. Allen and Roy E. Davis, plaintiffs, against T. L. Pierce, defendant.

Plaintiffs allege that they are building contractors, and that on May 29, 1924, they entered into a written contract which contained the specifications to remodel for defendant his certain two-story brick building in the town of Vernon, and at their own expense to furnish the labor and material for a consideration of $4,800. They allege the legal effect of the contract; that they furnished the labor and material and completed the work, except in some minor details, according to the contract and in compliance with the specifications; that during the remodeling, by request of the defendant, they did extra work to the amount of $60; that the defendant is entitled to a credit on the contract price for payments aggregating the sum of $2,275, leaving a balance of $2,585 due them on the contract, which he has failed and refused to pay.

They attach to, and make a part of, their petition the written contract which enumerates the repairs and additions which are to be made according to the specifications, and provides that plaintiffs may use all good and sound salvage removed from the building in the repairing thereof, the time within which the work is to be finished, the consideration of $4,800 in cash, and that no changes or variations from the specifications are to be made, except upon the signed written agreement of both parties to the contract.

Defendant answered by general demurrer and general denial; admitted the execution of the contract, but denied that plaintiffs had performed the conditions and provisions thereof, and alleged failure to comply therewith, in that plaintiffs failed to construct the awning, the sidewalk, the stairway, failed to remove the old square steel columns and replace them, to cut a new opening in the south side of the east end of the building, to construct the show windows, to lay the tile, to build the floor, widen the doors on the south side of the east end of the building, and build the cement floor of the toilet, and failed to brick up the openings in the old walls—in all of which particulars defendant avers that plaintiffs failed and refused to comply with the stipulations of the contract and specifications for remodeling the building; itemizes his damages for the

failure in each particular alleged, which aggregate the sum of $3,296.

Plaintiffs, by supplemental petition, replied to defendant's answer by demurrers, general denial, and alleged that the defendant was on the ground and at the building practically every day during the work of remodeling, was apprised of, knew of, acquiesced in, approved, and agreed to the way and manner the work was being done, and permitted plaintiffs to continue furnishing labor and material, and to expend large sums of money with knowledge of how it was being done, and is estopped from claiming that it should have been done in a different way and manner.

They explain in detail each deviation alleged by defendant to have been made from the contract, and say that, if the building and every part of the work of remodeling it was not finished and completed in the manner and form stipulated by the contract, each change and deviation therefrom was made by mutual agreement, at the special request of the defendant, for which reason he is estopped from asserting that the work or any part thereof should have been done and finished differently.

By supplemental answer, the defendant excepted specially to the allegations in plaintiffs' supplemental petition, and pleaded general denial.

In response to special issues submitted by the court, the jury found that plaintiffs constructed the awning, the sidewalk on the south side of the west end of the building, the stairway, except two concrete steps at the bottom, the tile floors, laid the top floor of the building, put in the show windows, cut the openings in the brick wall on the south side of the west end of the building, removed the old iron columns and replaced them, and, in every issue submitting any change from the terms of the contract, the jury found the change was made by agreement between plaintiffs and defendant, and that the work was done in a first-class workmanlike manner.

Upon the answers of the jury the court rendered judgment for plaintiffs, hereinafter called appellees, and against defendant, hereinafter called appellant, for the amount sued for.

Appellant made no request for the submission of any additional issues to the jury and presents no assignment challenging, as error, any issue submitted to the jury by the court, or assailing the correctness of the findings of the jury thereon.

[1] Appellant contends that the record presents fundamental error because the appellees in their original petition declared on the written contract and alleged performance thereof, while in their supplemental petition, in reply to appellant's answer charging a breach of the contract by changes in

various specified particulars, appellees alleged that any change or deviation from the written contract was made by the mutual agreement of the parties.

[2] Parties to a contract not fully performed may change, alter, or modify its terms by mutual consent. Baker & Sons v. Lovorn (Tex. Civ. App.) 262 S. W. 508; Garrett et al. v. Dodson et al. (Tex. Civ. App.) 199 S. W. 675; Caples v. Port Huron Engine & Thresher Co., 61 Tex. Civ. App. 646, 131 S. W. 303; 13 C. J. p. 589, par. 604.

A written contract may be modified by an oral agreement, unless inhibited by statute, although it contains a provision that no modification shall be made thereof except in writing. Anderson Electric Co. v. Cleburne Water, Light & Power Co. (Tex. Civ. App.) 44 S. W. 929; 13 C. J. p. 594, par. 611.

"The parties to a building contract have a right to alter or to modify the original contract by mutual consent. Thus the contractor and the owner may, by subsequent agreement, modify the original contract and authorize or require deviations and departures therefrom." 9 C. J. p. 717, par. 51.

[3] The office of a supplemental petition is to reply to the answer of the defendant. It may set up new matter by way of confession and avoidance of the new matter pleaded in the answer, "or may contain additional facts responsive to such new matter which would entitle the plaintiff to affirmative relief." Towne, Texas Pleading, p. 445; Standifer v. Bond Hardware Co. (Tex. Civ. App.) 94 S. W. 144.

The record does not disclose fundamental error.

What has been said disposes of appellant's assignment urging, as error, the action of the trial court in admitting testimony relative to the mutual agreement of the parties to deviate from the original written contract for remodeling the building.

[4] Appellant urges as error the action of the trial court in admitting, over his objection, the testimony of Roy E. Davis of a conversation he had with appellant before the execution of the contract, in which the witness told appellant that, unless the whole front was taken down, the I beams would have to be 18 or 20 inches lower than the old lintels, because there would have to be placed a large piece of timber against the old lintels, and posts from it to the foundation to hold the wall while the old steel columns were replaced, and this timber and a space for blocks and pulleys to pull the beam up would require 18 or 20 inches, which space could be fixed with brick, iron, cement, or paneled with metal or painted glass. The contract provided that appellees were to remove two old square steel columns which were then in front of the building and replace them with two 12-inch I beams with 12-inch plate at the bottom; beams to be bolted together every 3 feet and extend into the wall 8 inches and be supported in the center with a 5-inch steel column. It will be noted that the contract did not provide that the I beam was to take the place of the lintels, but should replace the two steel columns to be removed. The contract does not stipulate for the removal of the lintels. If so, it is certainly ambiguous or its meaning so uncertain as to authorize the admission of oral testimony of the circumstances, and of the conversation and negotiation leading up to the contract.

The record discloses that the lintels in the old building were supported by two old square steel columns standing perpendicular, which the contract provides were to be removed and replaced by the I beams. The record shows that the I beam was a piece of steel running horizontally across the front of the building above the openings for the doors and windows to hold the brick constituting the walls above. Does the contract mean that the two old steel columns are to be replaced by a new 5-inch steel column, or to be replaced by the I beams, or that the I beams are to constitute the horizontal support for the walls and upheld by the new 5-inch column?

If a written contract appears on its face to be either ambiguous or incomplete, parol testimony of the circumstances surrounding the parties and the conversation and negotiation leading up to the contract is admissible to the extent necessary to render the meaning of the contract certain. Miller et ux. v. Wilson (Tex. Civ. App.) 258 S. W. 540; Magnolia Warehouse & Storage Co., Inc., v. Davis & Blackwell, 108 Tex. 422, 195 S. W. 184; San Antonio Life Ins. Co. v. Griffith (Tex. Civ. App.) 185 S. W. 335.

Finding no reversible error, the judgment is affirmed.