**BUTTERFIELD SALES COMPANY,**
Appellant,

v.

**E. H. ARMSTRONG, d/b/a Armstrong Supply Company, Appellee.**

No. 6413.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 20, 1954.

Rehearing Denied Oct. 25, 1954.

Odell & Brann, Lubbock, for appellant.

Bradley, Key, Carr & Carr, Lubbock, for appellee.

PITTS, Chief Justice.

This is an appeal from a suit seeking to recover the alleged balance due on a debt. The suit was filed originally by Mrs. C. A. Butterfield, as manager of Butterfield Sales Company of Los Angeles, California, against appellee E. H. Armstrong, d/b/a Armstrong Supply Company of Lubbock, Texas. Subsequently, Mrs. Butterfield married R. J. Cooper and by order of the trial court her name was changed in the proceedings to Mrs. C. A. Cooper, joined by her said husband, claiming she was

manager of Butterfield Sales Company, hereinafter referred to as appellant.

The record reveals that on August 26, 1950, John A. Brown, as agent and representative of appellant, Butterfield Sales Company, and acting for the said company, entered into a written contract at Lubbock, Texas, with appellee, appointing him Texas distributor, for the said company, of a certain sanitary food protector manufactured by the said company in Los Angeles, California, at a stipulated purchase price and a stipulated selling price therein stated, with a further provision therein contained to the effect that one-half of the total purchase price must accompany each order and the balance must be paid within a 60 day period thereafter. On the same day, appellee ordered 700 sanitary food protectors, under the terms of the contract, at a total cost of $5,180 and enclosed with the order his personal check for the sum of $2,590, which goods were shipped to him under a guarantee and his personal check was duly cashed by appellant.

The only other specific provisions of the contract material to this action are those found in Paragraphs IV and VI thereof, which are completely restated as follows:

"IV.

"Butterfield Sales Company further agrees to have a qualified sales representative to work in the field at least once a year."

"V.

(Omitted).

"VI.

"The Distributor shall have the right to return saleable Sanitary Food Protectors for credit, less double freight and packaging within 60 days from date of purchase."

Before appellee would enter into the written contract with appellant's agent, John A. Brown, he obtained an oral agreement with Brown to the effect that he (Brown) would return to Lubbock within 30 to 45 days from the date the contract

was executed, and bring with him C. S. Butterfield, then the husband of the alleged manager of the said company, and the two of them would spend at least two weeks in the Lubbock territory, finding and training salesmen to sell and dispose of the sanitary food protectors sold to appellee, as provided for under the provisions of Paragraph IV of the written contract. Brown likewise agreed to give demonstrations in some of the local chain stores in Lubbock, about how to use and sell the sanitary food protectors in order to induce the sale and use of the same in the Lubbock area and he, in fact, gave some such demonstrations in some of the local chain stores during the week or more he was in Lubbock in August of 1950, at the time the contract was executed, using for such demonstrations some of the sanitary food protectors he had with him on that occasion.

The goods were accordingly shipped to appellee, with the understanding previously herein stated, but Brown, Butterfield, or no other representative of appellant ever returned to Lubbock to find and train salesmen or to demonstrate further the use of the product. Neither did appellee hear from Brown or C. S. Butterfield thereafter. Principally for this reason, appellee, through his office manager, on October 3, 1950, wrote and mailed a letter to Butterfield Sales Company at the California address given him by John A. Brown and as shown also on the copy of his contract, advising, in effect, that he did not want the shipment of goods and was therefore revoking the terms of the contract within a 60 day period, as he was authorized to do under the provisions of Paragraph VI thereof, and asked also for shipping instructions in returning the goods in such a way as to recover what was due him as a credit for part payment already advanced by him for the goods, as provided for in the contract. Having received no reply to the said letter, appellee had another letter written, of date November 7, 1950, to Butterfield Sales Company, and mailed to the same address, concerning the former letter and the contents thereof, but received no reply to this letter. The record reflects other

correspondence thereafter between the parties and oral testimony revealing appellant's address to be that to which appellee's employees had addressed the letters previously mentioned. The record further reveals that soon after appellee was named appellant's distributing agent in Texas and the goods were shipped, during the months of October, November, and December, 1950, domestic difficulties arose between Mrs. C. A. Butterfield and her husband, C. S. Butterfield, causing controversies which disturbed the operation of appellant's business during the said months, which controversies resulted in a divorce decree between them being entered in a California court in December, 1950, which decree awarded Mrs. Butterfield a divorce and the property belonging to the Butterfield Sales Company. Immediately thereafter, the Butterfield Sales Company went out of business and quit manufacturing the sanitary food protectors late in 1950, or January, 1951. Mrs. Butterfield thereafter married R. J. Cooper in August, 1952.

The record likewise reveals that appellee got no response to his said letters seeking to return the goods, and he did not hear from Butterfield Sales Company or any of its agents until sometime in January, 1951, after the assets of the said company had been awarded to Mrs. C. A. Butterfield, who then refused to accept the return of the goods and settle therefor, but sought by this suit to collect the balance of the alleged account in the sum of $2,590. Appellee denied liability of her claims and sought judgment against appellant in the sum of $4,590 as a counter-claim.

Under these material facts, the case was tried to a jury which found that the goods in question were ordered by appellee from appellant on August 26, 1950, the same date the contract was executed; that the said goods were shipped and duly received by appellee; that within a 60 day period appellee, in writing, on October 3, 1950, requested Butterfield Sales Company to accept a return of the goods in accordance with the terms of the written contract shown in Paragraph VI thereof, and that the said company and its representatives received the said request but that appellant herein prevented the return of the goods in question within a 60 day period stipulated in the contract and that such prevention by appellant constituted a waiver on the part of the appellant on the 60 day time limit stipulated in the contract; that, although an offer was made by appellee in accordance with the terms of the written contract to return the goods in question, Butterfield Sales Company and the authorized agents thereof refused to accept a return of the goods, and that such a refusal prevented the appellee from returning the said goods within a 60 day period, as provided for in the contract. Consistent with such findings, the jury further found that appellant was not entitled to recover anything on the account sued upon, but that appellee was entitled to recover from appellant, upon his counter-claim, the sum of $2,590, as sustained by reason of appellant's failure and refusal to accept a return of the goods. Judgment was accordingly rendered from which appellant perfected an appeal.

■ Appellant presents 34 points of error covering 12 pages in the brief, numbered 1-A, then consecutively numbered from 1 to 33, both inclusive, but appellant briefed only 11 of these points, thus waiving all claims made under Points 1-A, 2, 3, 10, 12, 15, 16, and 18 consecutively through 33, because such were not briefed. Rayburn v. Giles, Tex.Civ.App., 182 S.W.2d 9 (Writ refused); Burgess v. Sylvester, 143 Tex. 25, 182 S.W.2d 358; Dreeben v. Sidor, Tex.Civ.App., 254 S.W.2d 908.

■ Appellant charges that the trial court erred in submitting issues to the jury inquiring whether or not appellee sought to return the goods to Butterfield Sales Company in accordance with the terms of the written contract, whether or not such company and its agents received appellee's offer so to do and refused to accept such return of the goods and whether or not such refusal, if any, constituted a waiver of the 60 day time limit provided for in the contract, on the grounds that such matters were immaterial, and inquired about matters that could form no basis for judgment for ap-

pellee, and that such inquiries were calculated to influence the jury favorably to appellee. Further contention is made by appellant to the effect that the evidence was insufficient to submit some of the inquiries to the jury. All the matters inquired about were pleaded by appellee and we think sufficient evidence was offered in support of submission of all of the issues.

Appellant's manager, Mrs. C. A. Cooper, testified in effect that she and C. S. Butterfield were married in 1946 or 1947; that he became an alcoholic and gave her much trouble until they were divorced in December, 1950; that the Butterfield Sales Company was established in 1950 and her then husband, C. S. Butterfield, worked for the company until she filed for divorce in November, 1950, but he was drinking much of the time; that she did not receive the letters appellee testified he wrote and mailed Butterfield Sales Company on October 3, 1950, and November 7, 1950, seeking to return the goods in question, but that she and C. S. Butterfield were then having difficulties which disturbed their business operations and that such difficulties continued during August, September, October and November of 1950; that during this period of time, John A. Brown, the Butterfield Sales Company agent, contracted with appellee in Texas, and the goods ordered by appellee were shipped to him; that Brown was appellant's agent and was authorized to sign the contract for appellant and did so sign it; that Brown called her by telephone from Texas and talked at length with her about contracting with appellee and she authorized Brown to change the usual contract form for employing distributors and make a contract agreeable to appellee Armstrong in this instance; that such was done and the goods were shipped while she was having marital troubles with her alcoholic husband; that the goods shipped were guaranteed; that she intended to send a company representative to Texas to train salesmen for appellee, but she was compelled to go out of business and quit manufacturing the sanitary food protectors in December 1950, or January, 1951; that she declined to accept a return of the goods from appellee, but sought to collect the remainder of the account.

Appellee E. H. Armstrong testified that he entered into the contract in question only after Brown agreed to come back to Lubbock himself and bring C. S. Butterfield with him within three weeks, or 30 to 45 days, find salesmen and train them for selling the product as provided for in Paragraph IV of the contract, and that he would not have signed the contract and ordered the goods shipped without such a promise made by Brown; that during the negotiations, Brown often mentioned Mr. C. S. Butterfield in connection with the operation of the business, but never mentioned Mrs. Butterfield at any time; that he had the letters of dates October 3, 1950, and November 7, 1950, written and mailed, requesting permission to return the goods and asking for shipping instructions, which was a customary practice of handling such a transaction, but he got no replies to such letters; that he never heard of Mrs. Butterfield until he called by telephone for Mr. Butterfield in care of Butterfield Sales Company, in January of 1951, and was told that Mr. Butterfield was gone and Mrs. Butterfield was handling the business; that he then, by telephone conversation, told Mrs. Butterfield about his oral agreement with John A. Brown, to the effect that Brown and Mr. Butterfield would return to Lubbock and train salesmen but they had not done so, and he told her also about his letter to the company, of October 3, 1950, seeking to return the goods and asking for shipping instructions; that in reply thereto, Mrs. Butterfield then told him about her trouble with her alcoholic husband, C. S. Butterfield, and she further told him that "things were in a big mess and she didn't know what she was doing," but she also said Mr. Butterfield and John A. Brown were both gone, that she had closed down the business and quit manufacturing sanitary food protectors; and she refused him permission to return the goods in question, but she wanted him to pay her $2,590. In our opinion, this evidence supports the is-

sues submitted to the jury and its answers returned thereto. Appellant's points to the contrary are all overruled

■ Appellant also charges error on the alleged grounds that appellee sought to change, vary and contradict the terms of the written contract and tried to supersede the same with an oral agreement. Appellant's charges are not well taken. Appellee's oral agreement with appellant's agent Brown, to the effect that Brown and Mr. Butterfield would return to Lubbock within 30 to 45 days to find and train salesmen for the product, did not change, vary or conflict in any way with the terms of the written contract. On the contrary, it helped to clarify and complete the agreement, particularly the terms expressed in Paragraph IV thereof, and made the same more clear. The oral agreement is consistent with the language in Paragraph IV of the contract, wherein it was agreed that sales representatives would be sent to work in the field at least once a year. Such an oral agreement made simultaneously with a written contract, as was done in the case at bar, is collaterally admissible if it relates to a matter covered by the written contract and adds to the statements therein made, without changing or interfering with the language of the written contract, as is true in this instance. Waters v. Byers Bros. & Co., Tex.Civ.App., 233 S.W. 572; North v. Atlas Brick Co., Tex.Civ.App., 281 S.W. 608; modified as to other matters and affirmed, Tex.Com.App., 288 S.W. 146; Magnolia Warehouse & Storage v. Davis & Blackwell, 108 Tex. 422, 195 S.W. 184; Miller v. Wilson, Tex.Civ.App., 258 S.W. 540; Shook v. Parton, Tex.Civ.App., 211 S.W.2d 368.

■ Appellant has challenged the award of damages to appellee, but the pleadings and evidence support the findings authorizing such an award as a counter-claim against the appellant.

■ Appellant charges that certain testimony was improperly admitted before the jury without designating in connection therewith where such testimony may be found in the record, as required by the provisions of Rule 418, Texas Rules of Civil Procedure, when such a complaint is made in briefing. In briefing, appellant has presented these matters by the use of bills of exceptions approved by the trial court, but such a practice of briefing assignments complaining about the improper admissibility of testimony has long been superseded by the use of the new Rules. At any rate, the testimony about which appellant complains concerned the admission of parol evidence in support of the oral agreement made by appellant, through Brown, and appellee, concerning the return of C. S. Butterfield and Brown to Lubbock within 30 to 45 days to find and train salesmen to dispose of the product in question. Under authorities previously cited and for reasons previously stated, such testimony was properly admitted before the jury. At any rate, appellant should not be heard to complain about such testimony having been admitted on direct examination of appellee, when appellant likewise established the very same facts about which complaints are here made, by having the same testimony of appellee repeated on cross examination.

■ In Point No. 14, appellant complains about the trial court admitting in evidence appellee's Exhibit No. 5, which Exhibit is a telephone bill properly admitted in evidence to help establish the telephone conversation appellee had with Mrs. Butterfield, as testified to by him. However, in briefing this point, appellant's counsel devotes all of his argument and complaint to other matters wholly foreign to and not concerned with appellee's Exhibit No. 5.

Appellant likewise complains because the trial court refused to instruct a verdict for appellant and complains further because the trial court refused to enter judgment for the appellant upon the verdict of the jury, in both of which refusals we think the trial court was justified under the record here presented.

Under the record before us and the authorities cited herein, it is our opinion that the judgment of the trial court must be affirmed, and it is so ordered.