**Linus F. HARDIN et al., Appellants,**

v.

**JAMES TALCOTT WESTERN, INC., Appellee.**

**No. 4364.**

Court of Civil Appeals of Texas.

Waco.

May 6, 1965.

Rehearing Denied May 27, 1965.

Howard Wayland, Houston, for appellants.

Ross, Banks, May & Cron, John A. Cavin, Houston, Cofer & Dillon, Bryan, for appellee.

WILSON, Justice.

This appeal requires determination of the question of whether parol evidence is admissible to show an extrinsic oral agreement supplementing the data and recitals in the following purchase order form:

"PARKER-ASTIN, Incorporated
Bryan, Texas.

| SPORTS SPECIALTIES, INC., Houston, Texas | Purchase Order No. 36 Date: July 13, 1962 |
|---|---|

| Wanted | How Ship | Terms |
|---|---|---|

| Quantity | Description | Unit Cost | Cost Ext. |
|---|---|---|---|
| 750 | OP–21 official size less 45¢ per ball | 2.70 | 2,025.00 337.50 |
| 250 | OP–26 official size less 45¢ per ball | 4.70 | 1,175.00 112.50 |
| Passed by | Totals | | 2,750.00 |

Parker-Astin, Inc.
By B. H. Dye."

———◆———

James Talcott Western, Inc., assignee of Sports Specialties, Inc., to whom the purchase order was directed, sued Parker-Astin for debt alleging non-payment of the purchase price of footballs described in the purchase order. It was alleged that appellants guaranteed payment of the account. Parker-Astin pleaded, among other defenses, that the transaction was a consignment sale under which no title passed. In a nonjury trial a take-nothing judgment was rendered in favor of Parker-Astin, but judgment was rendered against appellants as guarantors.

The court found that the parties agreed Parker-Astin had the right to return the merchandise for credit, concluding that parol evidence was admissible to prove the terms of the agreement. Appellants' points, in effect, attack admission of this evidence and rendition of judgment in Parker-Astin's favor based thereon.

The testimony assailed is that of Parker-Astin's former sales manager, Dye, concerning his prior or contemporaneous conversation with Sports Specialties' sales representative, Slaughter, who solicited the purchase order. Dye testified the terms of sale orally agreed on were that it was a "guaranteed[1] sale," i. e., the merchandise was to be paid for when sold; if it was not sold, it could be returned for credit, or for refund if Parker-Astin paid cash or took a discount. Parker-Astin sold 66 of the 1000 footballs, for which it paid. There is evidence to show the footballs were salable in volume only after a contemplated local promotional advertising campaign, "but the promotion did not go in Bryan." Slaughter did not testify.

■ An exception to the basic rule excluding evidence of an extrinsic agreement to vary, add to or subtract from the terms of a written contract is that if the instru-

1. ("Guaranteed" has no relation to appellants' status as subsequent guarantors of the assigned account).

ment itself shows to be incomplete, parol evidence is admissible "to show what the real contract was to the extent necessary" to make it complete "in its terms which show to be incomplete." Magnolia Warehouse & Storage Co. v. Davis & Blackwell, 108 Tex. 422, 195 S.W. 184, 185, syl. 1.

. ■ The most satisfactory index of whether the writing is intended to embody the entire agreement so as to be regarded as complete, and whether or not the parol or extrinsic agreement is collateral, it has been said, is found in the circumstance of "whether or not the particular element of the alleged extrinsic negotiation is *dealt with at all* in the writing." IX Wigmore, Evidence, (3d ed.) Sec. 2430, p. 99. Whether the writing is incomplete, and whether the extrinsic agreement is admissible may be further tested by whether the latter is consistent with or repugnant to the writing. See Schiller v. Elick, 150 Tex. 363, 240 S.W. 2d 997, 1000; Martin v. Hemphill, Tex.Com. App., 237 S.W. 550, 552; 4 Williston, Contracts (3rd ed., Jaeger), Sec. 636, p. 1033, Sec. 638, p. 1042, Sec. 642, p. 1067; 2 McCormick & Ray, Evidence (2d ed.) Secs. 1611, p. 451, 452; 1613, p. 467; 1631, p. 483; 1632, p. 487; 1 Restatement, Contracts, Sec. 240.[2]

■ The order here, typed on Parker-Astin's printed form, if it is assumed to be a contract, is without doubt incomplete upon its face. It does not deal at all with payment or terms of payment. Indeed the space for "terms" is blank. With what subjects does it deal? Quantity, description of merchandise, and cost. The agreement that the sale was one upon consignment, or was "guaranteed"—an agreement as to "terms" —is one which might naturally and normally have been made collaterally by parties situated as were these. Cases relied on by appellants are those in which the extrinsic bargain directly contradicted the writing

sued upon, or were those in which omitted elements were supplied by law. In our opinion the evidence was admissible and supports the judgment. See Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30, 32, 34. Affirmed.

2. Conversely, if the written agreement is absolute and complete on its face, evidence of an extrinsic agreement that the goods might be returned, part of the purchase price might be refunded,

or that the transaction was one of bailment has been held inadmissible. 4 Williston, Contracts (3rd ed., Jaeger), Sec. 641, p. 1064.