**NECO ENGINEERING CO. OF TEXAS, INC., Appellant,**

v.

**Helen J. LEE, Appellee.**

**No. 5187.**

Court of Civil Appeals of Texas, Waco.

Nov. 2, 1972.

Rehearing Denied Nov. 30, 1972.

Margolis & Staffin, Dallas, for appellant.

Dawson Bryant, Arlington, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Neco from a take nothing judgment in suit against defendant Lee to recover liquidated damages under a contract.

Plaintiff sued defendant alleging plaintiff and defendant entered into a written contract whereby plaintiff was to perform repair work on defendant's home; that defendant cancelled the contract; that by the terms of the contract plaintiff is entitled to $825 (being 30% of the total cash price set up in the contract), as liquidated damages. Plaintiff further prayed for attorney's fees.

Defendant answered alleging plaintiff breached the contract, not the defendant; that plaintiff agreed with defendant "to start the work on Monday October 18, 1971 and defendant was going to take two weeks vacation from her place of employment to be home during the time of repairs"; and that plaintiff did not appear at defendant's home on October 18, 1971 to start performance of the contract.

Trial was to a jury which found: "Issue 1: Do you find from a preponderance of the evidence that Plaintiff Neco and Defendant Lee had an agreement that the work provided for in the written contract would begin on October 18, 1971. Answer *Yes.*"

The trial court rendered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on 5 points contending:

1) The trial court erred in permitting plaintiff to prove defendant's agreement to commence work on October 18, 1971 as such was in violation of the parol evidence rule.

2) There is no evidence to support the jury's answer to Issue 1 and such answer is against the great weight and preponderance of the evidence.

3) The court erred in rendering judgment for defendant because such judgment had to be predicated on a finding that time was of the essence, and there were no pleadings, proof or issues to support such a finding; and any such finding is against the great weight and preponderance of the evidence.

 We revert to contentions 1 and 2. The written contract is silent as to time of commencement of the work to be performed by plaintiff. Defendant plead and proved there was an oral agreement for the work to commence on Monday, October 18, 1971. The entire contract of the parties was thus partly written and partly oral. Parole evidence is admissable to prove that part of the contract which was oral. The parol evidence in no way contradicted any portion of the written contract. Magnolia Whse. & Storage Co. v. Davis & Blackwell, 108 Tex. 422, 195 S.W. 184; Hardin v. James Talcott Western, Inc., Tex.Civ.App., NRE, 390 S.W.2d 517; 23 Tex.Jur. p. 575.

Contention 3 asserts defendant did not plead, prove, or secure findings that time was of the essence, and any such finding is against the weight and preponderance of the evidence.

Defendant plead and testified it was agreed the work was to be commenced on October 18, 1971, and that she secured her vacation so she could be present when it was being done.

Time is always of the essence in any contract when the intention of the parties is clear that it is to be performed on a stipulated date. Ferguson v. von Seggern, Tex.Civ.App., NRE, 434 S.W.2d 380. Where time is of the essence of a contract a party must perform in strict compliance within the time prescribed in order to be entitled to any relief. Liedeker v. Grossman, 146 Tex. 308, 206 S.W.2d 232.

Plaintiff did not except to defendant's pleadings. In the absence of special exceptions, the petition will be liberally construed in the pleader's favor and to support the judgment. Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513; Tolson v. Carroll, Tex.Civ.App., NWH, 313 S.W.2d 131; Lampman v. First National Bank in Dallas, Tex.Civ.App., NWH, 463 S.W.2d 28, Rules 90 and 91 Texas Rules of Civil Procedure.

And plaintiff did not object to the charge raising this question, for which reason any complaint is waived. Rules 274, 279 TRCP; Yellow Cab & Baggage Co. v. Green, 154 Tex. 330, 277 S.W.2d 92.

All plaintiff's points have been considered and are overruled.

Affirmed.