## RAWLS et al. v. POOL.

(Court of Civil Appeals of Texas. Feb. 22, 1911. Rehearing Denied March 15, 1911.)

EVIDENCE (§ 450*) — TESTIMONY AFFECTING NOTE—ADMISSIBILITY.

Parol evidence is admissible to show that a note due "90 ...... after date" is due 90 days after date.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2084; Dec. Dig. § 450.*]

Appeal from Presidio County Court; W. W. Bogel, Judge.

Action by John A. Pool, Jr., against T. H. Rawls and others. Judgment for plaintiff, and defendants Rawls and H. E. Craig appeal. Affirmed.

J. A. Gillette, for appellants. R. H. Hays and R. C. Harris, for appellee.

NEILL, J. The appellee sued D. E. Lindsey and appellants upon the following instrument:

"500.00.          Marfa, Texas, Oct. 12, 1908.

"90 ...... after date for value received D. E. Lindsey promise to pay to the order of John A. Pool, Jr., the sum of five hundred dollars in lawful money of the United States, with exchange, at the office of Marfa National Bank, with interest at the rate of ten (10) per cent. per annum from 10/13 until paid,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

interest payable in 90 days. And in the event default is made in the payment of this note at maturity, or any installment of interest thereon when due, then this note and interest shall become due and payable at the option of the legal holder thereof. And it is further agreed that if this note is placed in the hands of an attorney for collection, or suit is brought on same, or if collected through probate court, then an additional amount of ten (10) per cent. on the principal and interest of this note shall be added to the same as collection fees. The makers and endorsers of this note waive demand of payment, protest and notice of nonpayment, and agree that the date of maturity may be extended from time to time at the option of the legal holder or holders thereof upon request of any one of the makers thereof, and said action shall be as binding upon each and every signer and endorser thereof as if said extension had been made at his or her or their own request.

"The payment of this note is secured by D. E. Lindsey of even date herewith, on

........................
                                   T. H. Rawls.
                         "
........................
                         "
........................
                         "
........................
                                   H. E. Craig.
                         "
........................

"No. ———.
"Due ———
"Address:   ———

It was alleged in plaintiff's petition that at the time of its execution and delivery it was contemplated, agreed, and understood by and between the parties thereto that the instrument should be due and payable 90 days after its date, and should bear interest from October 13, 1908, at the rate of 10 per cent. per annum, and that the word "days" should have been inserted therein immediately after the figures "90" and preceding the words "after date," and that the omission was due to a mistake of the person who wrote the instrument.

All necessary allegations, such as are usual in declaring upon a promissory note, to constitute a cause of action, are in plaintiff's petition.

The appellants specially pleaded that on October 12, 1908, they agreed to execute to plaintiff a note for $500, which prior to the time had been signed by D. E. Lindsey, as principal; that the note was due and payable in six months after date; that the date of its maturity was not mentioned in said note at the time of its execution; that their agreement to sign the same was as securities for the accommodation of said Lindsey, and in no other capacity, to run for the period of six months.

Judgment was taken against Lindsey by default, and the case as to appellants was tried before a jury and resulted in a judgment against them, which preserved their rights as sureties for Lindsey, authorizing execution against him in their favor in the event of their paying off or satisfying such judgment.

The only issue of fact in the case is whether the figures "90" were placed in the note before it was executed by the appellants. The evidence is reasonably sufficient to prove that it was.

"A manifest informality of expression or grammatical error, whether in respect to date, amount, time, place, or other matter, will in no wise affect the validity of a bill or note. Thus * * * a note payable 'twenty-four after date,' and one payable 'six after date,' have been held not void for uncertainty, but parol evidence has been admitted to ascertain the intention of the parties; and a note payable 'four months after' has been held payable 'four months after date,' and a note payable 'ninety after date' at ninety days. So, where the note was payable 'seventy-five after date,' parol evidence was admitted to show that days were intended." Daniel on Negotiable Instruments (4th Ed.) vol. 1, § 76.

As it was shown that the word "days" was intended by the parties to be inserted in the note after the figures "90," and that such word was inadvertently omitted, plaintiff's right of recovery according to the terms of the instrument is too clear to admit of discussion.

The judgment is affirmed.