**BRITTON v. BAXLEY.   (No. 6949.)**

(Court of Civil Appeals of Texas.   San Antonio.   May 30, 1923.   Rehearing Denied June 16, 1923.)

**1. Evidence ⬸448—Parol proof admissible in explanation of ambiguous terms.**

While parol testimony is not admissible to contradict or add to the express terms of a written contract unless there is allegation and proof of fraud, accident, or mistake, such evidence is admissible to remove an ambiguity existing on the face of the writing.

**2. Joint-stock companies and business trusts ⬸8—Contracts of guaranty of stock construed strictly in favor of guarantor.**

A contract guaranteeing the future value of stock in a business trust sold at par, the terms and conditions of the guaranty being settled, will be strictly construed in favor of the guarantor.

**3. Evidence ⬸450(11) — Parol evidence held admissible to show true agreement of guaranty as to value of stock in business trust.**

A written agreement for the purchase of $1,000 of the capital stock of a business trust at the par value of $1 per share, whereby the seller "guaranteed" to the buyer "$1,500 or one and one-half dollars per share within six months from this date," and which gave the seller the privilege of tendering the buyer $1,500 at any time within six months, being ambiguous as to whether the instrument obligated the seller to take the stock off the buyer's hands at $1,500, parol evidence was admissible to show the true agreement.

**4. Joint-stock companies and business trusts ⬸19 — Recovery on contract guaranteeing value of stock limited to actual damages sustained.**

In an action for breach of a contract guaranteeing that the seller of $1,000 worth of stock in a business trust would take up the stock at $1,500 at the end of six months, where it appeared that at that time the purchaser could have sold his stock for $1,000 but made no effort to do so, he could properly recover no more than $500 as representing the actual damages proximately caused by the seller's default.

Appeal from Twenty-Ninth Judicial District Court, Erath County;   J. B. Keith, Judge.

Action by K. N. Baxley against G. S. Britton and others.   Judgment for plaintiff, and defendant named appeals.   Reversed and remanded.

Chandler & Pannill, of Stephenville, for appellant.

Thompson & Pittman, of Stephenville, for appellee.

SMITH, J.   The Hog Creek Refining Company was a concern operating under a so-called "declaration of trust," of which appellant Britton and others were trustees.   At the instance of Britton, appellee Baxley purchased $1,000 of the capital stock of the concern at par, and as a part of the transaction the two executed the following contract:

"K. N. Baxley agrees to purchase one thousand dollars ($1,000.00) of the capital stock of the Hog Creek Refining Company at the par value of one ($1.00) dollar per share.   And G. S. Britton guarantees to said K. N. Baxley fifteen hundred dollars ($1,500.00) or one and one-half dollars per share within six months from this date.

"It is understood and agreed that G. S. Britton has the privilege of tendering K. N. Baxley the said fifteen hundred dollars at any time before the expiration of six months from this date."

It appears from the record that although the stock in the refining company was selling at par throughout the six months' period designated in the foregoing contract, its value did not go beyond par, and subsequently the

concern passed into the hands of a receiver, by whom the estate is now being administered. At the end of that period Baxley claims to have called on Britton to protect him under the terms of the contract, which he construed into a guaranty, but Britton declined, and Baxley brought this action against the refining company and its several trustees, including Britton, praying primarily for judgment against Britton, individually, or, in the alternative, against all the defendants, jointly and severally, for the sum of $1,500. The cause was tried by jury upon two special issues, in response to which they found: First, that Britton executed the so-called guaranty for himself, and not for the company; and, second, that Baxley "tendered or offered" the stock in controversy to Britton within the six months' period provided for in the guaranty. Upon this verdict judgment was rendered in favor of Baxley against Britton for $1,500.

Appellant urged the general demurrer and numerous special exceptions, all of which were overruled. Upon the rulings on the demurrer and exceptions appellant predicates a number of assignments of error, but, as the judgment must be reversed upon other grounds, we see no purpose to be served by setting out and determining in detail the many questions raised by the pleadings. The chief complaint against the petition is that it undertakes to ingraft numerous parol agreements and understandings upon the written agreement sought to be specifically enforced by the suit. No fraud, accident, or mistake was charged against the defendants below in inducing Baxley to execute that agreement, nor was a reformation of the agreement proposed in terms. But Baxley alleged certain parol agreements between the parties for the purpose of construing the written agreement, which he alleged to be ambiguous.

[1, 2] It is true, of course, that if any material word, phrase, or condition in a writing has no clear meaning, discernible from the language thereof, or when considered in connection with the whole instrument, then parol testimony will be admitted to explain the ambiguous condition. 12 R. C. L. p. 1096. In the absence of allegations and proof of fraud, accident, or mistake, however, parol testimony will not be admitted to change, contradict, or add to the expressed conditions, but such testimony will be restricted to an explanation of the ambiguous conditions. Oil Co. v. Thompson (Tex. Com. App.) 244 S. W. 505. And when the conditions of a guaranty of this character are settled, the contract will be strictly construed in favor of the guarantor. 12 R. C. L. p. 1074, § 25.

[3] It is obvious that the written agreement is ambiguous, for, while it is clear that Britton undertook to guarantee to Baxley that the stock would within six months reach the value of $1,500, it is not clear whether the agreement stopped at this guaranty, or went further and obligated Britton to take the stock off of Baxley's hands at that price. We think under appropriate pleadings it would have been proper to receive testimony to show the true agreement in this respect.

[4] Assuming the validity of the contract, which we do not decide, the measure of Baxley's damages is the amount of actual damages sustained by him because of Britton's default in taking up the stock of $1,500, or because of the failure of the stock to reach the value of $1,500. Baxley alleged that at the time he purchased the stock, and all the time thereafter, the stock had no value whatever. If this allegation had been proven, then the measure of damages would have been the guaranteed value of the stock. But this allegation was not sustained by the evidence; on the contrary, Baxley himself testified that throughout the six months' period the refining company stock was selling at par. This testimony was undisputed. Under the agreement, Britton's obligation to protect Baxley ended with the expiration of the six months' period, when the burden, at once shifted to Baxley to protect himself. Britton did not act within that period, at the end of which he expressly disclaimed liability, leaving Baxley to his remedy. According to the latter's testimony, he could at that time have sold his stock for $1,000, but he made no effort to do so. In this state of the record, Baxley could not properly recover more than $500, as representing the amount of actual damages proximately caused by the default of Britton. Appellant's thirty-first assignment of error, raising this question, will be sustained.

The judgment is reversed, and the cause remanded.