## COLONIAL TRUST CO. v. HILL COUNTY.
### (No. 419.)*

(Court of Civil Appeals of Texas. Waco. Nov. 4, 1926. Rehearing Denied Dec. 9, 1926.)

1. Counties ⏚149—Regulation requiring provision for interest and sinking fund before county could incur debt held applicable to all counties, inland or otherwise (Const. art. 11, § 7).

Const. art. 11, § 7, requiring provision for paying interest and creating 2 per cent. sinking fund before debt could be incurred by city or county, *held* applicable to every county in state, inland and otherwise, regardless of location.

2. Appeal and error ⏚172(1)—Question involved in action on county warrants relative to statute governing debts would not be considered on appeal; no allegation being made that county had adopted statute (Rev. St. 1911, art. 6978).

In absence of allegation in complaint that Rev. St. 1911, art. 6978, relied on in action on county warrant given for purchase price of tractors, had ever been adopted by defendant county, question would not be considered; article 6988 providing that preceding article should be so adopted.

3. Counties ⏚170(3)—In action on county warrants given for tractor, it was duty of creditor to affirmatively allege facts rendering warrants valid and enforceable (Const. art. 11, § 7).

In action on county warrants given for purchase price of tractor, it was duty of creditor, in suing on debt which was governed by provisions of Const. art. 11, § 7, requiring provision for interest and sinking fund before county could incur debt, to affirmatively allege facts rendering warrants valid and enforceable, and, having failed to do so, demurrer to complaint was properly sustained.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by the Colonial Trust Company against Hill County. From a judgment for defendant on demurrer, plaintiff appeals. Affirmed.

Wear, Wood & Wear, of Hillsboro, for appellant.

John Abney, of Hillsboro, for appellee.

GALLAGHER, C. J. The Colonial Trust Company, appellant herein, brought this suit against Hill county, appellee herein, to recover on two warrants which it alleged were issued by the commissioners' court of said county to the Avery Company of Texas, and by it indorsed without recourse and delivered to appellant. Appellant's allegations show that the commissioners' court of said county on February 28, 1919, purchased from the Avery Company of Texas two certain tractors; that the aggregate purchase price

thereof was the sum of $6,750; that said tractors were afterward delivered to appellee and tested and accepted by it; that the purchase price of said tractors was duly allowed by the commissioners' court as a claim against said county, and the clerk of said court authorized to issue certain time warrants in payment thereof; that said warrants were duly issued in pursuance of said order; and that all of the same had been paid except the two sued on in this cause. The first of the warrants sued upon is as follows:

"No. 8982　　　　　　　　　$1,192.50

"The Treasurer of the County of Hill, State of Texas:

"Pay to the order of the Avery Company of Texas the sum of one thousand one hundred ninety-two and 50/100 dollars out of the R. &. B. fund, being the amount allowed by the commissioners' court of said county on the 1st day of April, A. D. 1919. For gas tractor. Time warrant due, April 1, 1922.

"Witness my hand and seal of said court at Hillsboro, this 1st day of April, 1919. [Signed] Jas. Q. Carmichale, Clerk·County Court, Hill County, Texas."

The other warrant sued on was a duplicate of the one above quoted, except that it bore a different serial number and was dated April 4, 1919. Appellant further alleged that appellee used said tractors continuously thereafter until they were worn out; that the commissioners' court of said county levied a tax for road and bridge purposes for the year 1919 of 13 cents on the $100; that there was a balance on hand in said fund at the date of the issuance of said warrants of $1,247.29; that said court levied a tax for road and bridge purposes for the year 1922 of 13 cents on the $100, and that there was a balance on hand in said fund on April 1, 1922, of $12,369.70. Appellant alleged by supplemental petition that appellee Hill county does not border on the Gulf of Mexico but is an inland county, and therefore not within the inhibition imposed by section 7 of article 11 of the state Constitution, with reference to creation of debts without at the same time making provision for levying a tax to pay the same. Appellant also alleged: That Hill county, at the time of the transaction resulting in the issuance of said warrants, was operating under a special road law. That said special road law contained the following provision: "Said commissioners' court shall have power to purchase such teams, tools, and machinery as may be necessary for the working of its roads." That said two tractors, in part payment for which the warrants sued·on were issued, were tools and machinery within the meaning of said provision. That they were purchased for use in working the public roads of said county. That they were necessary for such work and were so used. There was no further allegation of any action of the commissioners'

court making provision for the payment of the indebtedness evidenced by said warrants.

## Opinion.

Counsel for appellee state in their brief that there is only one controverted issue in this case, and that that issue is:

"Does the limitation upon the authority of a county, as contained in article 11, § 7, of the Constitution, apply to counties other than coast counties? In other words, does the limitation contained in the article of the Constitution mentioned apply to Hill county, which is an inland county?"

Said section of the Constitution reads as follows:

"All counties and cities bordering on the coast of the Gulf of Mexico are hereby authorized, upon a vote of two-thirds of the taxpayers therein (to be ascertained as may be provided by law), to levy and collect such tax for construction of seawalls, breakwaters or sanitary purposes, as may be authorized by law, and may create a debt for such works and issue bonds in evidence thereof. But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent, as a sinking fund; and the condemnation of the right of way for the erection of such works shall be fully provided for."

Appellant's statement of the issue involved concedes that the purchase of said machinery and the issuance of time warrants therefor payable in subsequent years created a debt, as that term is used in said section of the Constitution and as the same is defined in McNeal v. City of Waco, 89 Tex. 83, 88, 33 S. W. 322; Rogers National Bank v. Marion County (Tex. Civ. App.) 181 S. W. 884, 885 (writ refused); Toole v. First National Bank (Tex. Civ. App.) 168 S. W. 423, 427, 428 (writ refused).

Appellant argues with plausibility and force that said section of the Constitution should be construed as a whole, and that, when so construed, it applies only to counties and cities bordering on the Gulf of Mexico and to debts incurred for the purposes therein enumerated, or purposes of a similar nature. Appellant also insists that the issue of the validity of a debt contracted by an inland county without compliance with the provisions of said section has never been involved in any case adjudicated by the Supreme Court. The leading case of the construction of said section of the Constitution is City of Terrell v. Dessaint, 71 Tex. 770, 773, 9 S. W. 593, decided in 1888. The Supreme Court in that case held that the language of that part of said section which declares that no debt for any purpose shall ever be incurred by any city or county without at the same time making provision for the payment of same by taxation, is general and

unqualified, and that there is nothing in the whole section limiting the application of said declaration. It is true that case involved only the validity of a debt created by the city of Terrell, but the court held said section applicable to the inland city of Terrell as well as section 5 of the same article, which by its terms applies exclusively to cities without regard to their location.. It is also true that the Supreme Court in Mitchell County v. City National Bank of Paducah, 91 Tex. 361, 43 S. W. 880, decided in 1898, waived determination of this identical question, and based its disposition of the case on other grounds. The Supreme Court, however, in the case of Foard County v. Sandifer, 105 Tex. 420, 423, 424, 151 S. W. 523, decided in 1912, apparently assumed as an accepted fact that said section 7 applies to all counties in the state alike, but held that the particular contract in question in that case did not create a debt within the meaning of said section. The Supreme Court in the case of Lasater v. Lopez, 110 Tex. 179, 184, 217 S. W. 373, 375, decided in 1919, said that the warrants under consideration in that case were issued by Duval county "in full observance of the constitutional requirement in respect to lawful provision for their payment." The Supreme Court also refused writs of error in Rogers National Bank v. Marion County, supra, and Toole v. First National Bank, supra, both of which cases held that the inhibition contained in said section 7 of the Constitution was applicable to the respective counties involved, both of which were inland. The same holding was made by the Court. of Civil Appeals for the Sixth District in J. I. Case Threshing Machine Co. v. Camp County (Tex. Civ. App.) 218 S. W. 1, 3; said Camp county being also an inland county, but we do not find where any attempt was ever made to have said decision reviewed by the Supreme Court.

[1] We construe the authorities above cited to show that the recognized construction of said section 7 of article 11 of our state Constitution by the courts of this state is that the same, as to the requirement under consideration, is applicable to each and every county in this state, regardless of its location. We feel constrained to follow such recognized construction, and therefore hold that the inhibition contained in said section with reference to the creation of debts, without at the same time making the required provision for payment thereof, is applicable to Hill county.

[2] Counsel for appellant, by supplemental brief, contend that certain provisions of section 18 of the Hill County Road Law (Loc. & Sp. Laws 1919, c. 33), and article 6978 of the Revised Statutes of 1911, which contains substantially the same provisions as said section, authorized the purchase of said tractors and required the commissioners' court of said county to make provision for paying therefor and rendered the warrants sued on valid and enforceable under the rule announced by the Supreme Court in Mitchell County v. City National Bank of Paducah, supra. Said special road law did not take effect until after the purchase of said tractors. Said article 6978 was a part of chapter 7 of title 119, which dealt with the subject of roads, bridges, and ferries, and article 6988 of said chapter provided that the same should not be in operation in any county unless adopted by an order of the commissioners' court entered on the minutes. There is no allegation in appellant's pleadings that the provisions of said chapter were ever adopted by Hill county. Such being the case, further discussion of said contention is unnecessary.

[3] Counsel for appellant contended in oral argument that the judgment of the trial court should be reversed and the cause remanded, for the reason that the pleadings of appellant did not show affirmatively that it was not within the lawful contemplation of the parties that the purchase price of said tractors should be satisfied out of some fund then within the immediate control of the commissioners' court of said county. The agreed purchase price of said tractors was a pecuniary obligation imposed 'by contract. Prima facie every such obligation is a debt within the constitutional inhibition, and it devolved upon appellant to show by affirmative allegations such facts as would render said warrants valid and enforceable. McNeal v. City of Waco, supra, page 88 (33 S. W. 322); Rogers Nat. Bank v. Marion County, supra, page 885; J. I. Case Threshing Machine Co. v. Camp County, supra, pages 2, 3. No such facts were alleged. The court did not err in sustaining the general demurrer.

The judgment of the trial court is affirmed.