COLONIAL TRUST CO. v. HILL COUNTY.
(No. 952–4760.)

Commission of Appeals of Texas, Section A.
May 11, 1927.

1. **Counties** ⬳149—**Constitutional provision requiring provision for interest and sinking fund before county could incur debt held applicable to all counties (Const. art. 11, § 7).**

Const. art. 11, § 7, requiring provision for paying interest and creating 2 per cent. sinking fund before debt be incurred by county, *held* applicable to counties other than those bordering on Gulf of Mexico.

2. **Counties** ⬳149—**Where tax levy for year together with sum on hand was sufficient to pay for tractor, purchase of tractor by county was not prohibited by Constitution; "debt" (Const. art. 11, § 7).**

Where seller submitted offer to sell tractor and commissioners' court accepted offer and directed that price be paid out of county funds, and tax levy for year, together with sum on hand, was sufficient to pay for tractor and coun-

ty had paid all except two time warrants in suit, commissioners' court order was appropriation of funds within immediate control of county, and purchase did not create debt in contemplation of Const. art. 11, § 7.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

3. Counties ⊙═149—That after sale was completed time warrants were issued by commissioners' court order payable in subsequent year did not render void obligation which was valid when made (Const. art. 11, § 7).

That after offer of sale was accepted and tractors delivered to county time warrants were issued by order of commissioners' court payable in subsequent year did not render void, under Const. art. 11, § 7, obligation which was valid and binding when it was made, since tax levy for year, together with sum on hand, was sufficient to pay for tractor when purchased.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by the Colonial Trust Company against Hill County. Judgment for defendant was affirmed by the Court of Civil Appeals (288 S. W. 849), and plaintiff brings error. Judgment of district court and Court of Civil Appeals reversed and cause remanded to the district court.

Wear & Wear, of Hillsboro, for plaintiff in error.

John Abney, of Hillsboro, for defendant in error.

BISHOP, J. This is a suit by plaintiff in error against defendant in error to recover on two time warrants issued by Hill county in payment of the purchase price of two tractors sold by the Avery Company to said county, and which are as follows:

"No. 8982.　　　　　　　　　　　$1,192.50.

"The treasurer of the county of Hill, state of Texas, pay to the order of the Avery Co. of Texas the sum of one thousand one hundred ninety-two and 50/100 dollars out of the R. & B. fund, being the amount allowed by the commissioners' court of said county on the 1 day of April, A. D. 1919. For gas tractor. Time warrant due April 1, 1922.

"Witness my hand and seal of said court, at Hillsboro, this 1 day of April, 1919. [Signed] Jas. Q. Carmichale, Clerk County Court, Hill County, Texas.

"No. 9079.　　　　　　　　　　　$1,192.50.

"The treasurer of the county of Hill, state of Texas, pay to the order of the Avery Co. of Texas the sum of eleven hundred ninety-two and 50/100 dollars out of the R. & B. Fund, being the amount allowed by the Commissioners' Court of said County on the 4 day of April, A. D. 1919. For Gas tractor. Time Warrant due 4-1-1922.

"Witness my hand and seal of said court, at Hillsboro, this 4 day of April, 1919. [Signed] Jas. Q. Carmichale, Clerk, County Court, Hill County, Texas."

In its petition plaintiff in error alleged that the Avery Company submitted to the commissioners' court of Hill county an offer to sell said county two tractors for $3,375 each; that by order made and entered by said commissioners' court on February 28, 1919, it accepted said offer and directed that the purchase price of said tractors "be paid out of the funds of precinct 1 and 2 of said Hill county, Tex."; that said tractors were delivered and accepted by said county and thereafter on the order of the commissioners' court warrants were issued in payment for said tractors, including the two time warrants upon which this cause of action is based; that all other warrants so issued had been paid by the county; that the county after accepting said tractors used them on its public highways, "and continued to so use them until they became worn out and are now of no value as the result of the continued use and operation upon the public highways of Hill County"; and that when said warrants were issued there was on hand as a balance in the road and bridge fund $1,247.29, and that there was levied and collected a tax for the year 1919 sufficient to pay said warrants.

Defendant in error by general demurrer challenged the sufficiency of the petition to state a cause of action against it on the ground that said petition on its face shows that the contract of purchase is inhibited by article 11, section 7, of our Constitution, and for this reason void. The district court sustained this demurrer, and, plaintiff in error having declined to amend, dismissed the suit. On appeal the judgment of dismissal was affirmed (Tex. Civ. App.) 288 S. W. 849.

[1] We agree with the holding of the Court of Civil Appeals that article 11, § 7 of the Constitution is applicable to counties other than those bordering on the Gulf of Mexico, but we do not agree with its holding that the petition of plaintiff in error on its face shows that the contract here involved is inhibited by this section. The Avery Company having submitted its offer to sell the tractors, the commissioners' court on February 28, 1919, accepted the offer, and, by order duly entered, directed that same be paid out of the funds of said county. The tax levy for 1919, together with the sum on hand, was sufficient to supply an amount sufficient to meet its obligation to pay the purchase price of the tractors. All of this purchase price except the amount of these two warrants had been paid by the county. The county had, by the payments made, recognized this contract as valid and binding on it. For, if at the time the purchase was made it had been in contemplation that any part of the purchase price should be paid from taxes levied and collected for future years, the contract under this section would have been a prohibited one.

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Andrus v. Crystal City (Tex. Com. App.) 265 S. W. 550.

[2, 3] We think the order of the commissioners' court of February 28, 1919, was an appropriation of funds within the immediate control of the county for the payment of this obligation, and that this purchase did not have the effect to create a debt in contemplation of article 11, § 7, of our Constitution. The fact that after the offer of sale was accepted and the tractors delivered time warrants were issued by order of the commissioners' court, payable in 1922, did not render void the obligation which was valid and binding when it was made. It was not the purpose of those who framed the Constitution and the people who adopted it to furnish a means by which those dealing with the counties of this state could be defrauded.

The petition stated a cause of action, and the court erred in sustaining the general demurrer.

We recommend that the judgments of both courts be reversed and the cause remanded to the district court for trial.

GREENWOOD, J. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.

PIERSON, J., concurs.