## HILL COUNTY v. COLONIAL TRUST CO. (No. 752.)

Court of Civil Appeals of Texas. Waco.
May 9, 1929.

Rehearing. Denied June 13, 1929.

See, also, 294 S. W. 516.

John Abney, of Hillsboro, for appellant.
Wear, Stollenwerck & Wear, of Hillsboro, for appellee.

BARCUS, J. Appellee instituted this suit against appellant to recover judgment on two time warrants for $1,193.50 each, dated April 1, 1919, and payable April 1, 1922; said time warrants having been given by appellant to the Avery Company of Texas in part payment of two tractors purchased by appellant from said company. Said time warrants were thereafter for value transferred to appellee. Appellee further alleged that, if it was not entitled to recover on the time warrants, it was entitled to recover the amount of same, being the unpaid portion of the balance due on the two tractors which appellant had purchased from said Avery Company. Appellant invoked two defenses: First, that the time warrants sued upon were unenforceable because they were given in contravention of section 7 of article 11 of the state Constitution, which prohibits a county from creating a debt without making provision for the levying of a tax to pay the same; and, as a defense to the claim of appellee for the recovery of the value of the tractors, pleaded the statute of limitation; and, further, that appellee as the holder of the time warrants cannot maintain a suit for the value of the machinery delievered to the county by the Avery Company. The case was tried to the court and resulted in judgment being rendered for appellee for the balance due on the two warrants.

The record shows that in February, 1919, the commissioners' court of Hill county advertised for bids for certain tractors, graders, and plows, and bids with reference thereto were submitted. On February 28, 1919, the commissioners' court entered the following order: "On this day came on to be examined the bids for tractors, graders, plows, etc., and it appearing upon investigation that the following are the lowest bids: The Avery Company of Texas bid on 25–50 tractor 3375.00, bid on 40–80 tractor $300.00—" (then follow bids by other parties on other material not necessary to quote)—"it is therefore the order of the court that the same be purchased from said companies, and that the above acceptance means for two graders and two tractors, and that the same be paid out of the funds of precincts 1 and 2 of said Hill County, Texas."

Appellee in its petition alleged that the order entered on the minutes of the commissioners' court, copied above, was for the purchase of two of the 25–50 tractors at a price of $3,375.00 each, or a total of $6,750, and that same were sold by Avery Company based on the bid which it had made to the county with reference thereto. Appellant alleged that the bid of Avery Company was to sell the two tractors to Hill county for the price of $3,375 each, to be payable in one, two and three years from date, with the understanding and agreement on the part of Avery Company that none of said purchase price was to be paid out of the funds for the year 1919, and that Hill County purchased said two tractors with that positive agreement, understanding, and contract. Appellant alleged in detail the terms of the bid and the agreement made between Hill county and Avery Company with reference to the sale and purchase of said two tractors, setting out specifically and definitely that under the bid and under the contract as made between them, there was to be paid no portion of the purchase price of said tractors during the year 1919; and that no provision was made by the commissioners' court at said time for the levying of any tax to pay said time warrants at the time they fell due.

Appellee offered in evidence the portion of appellant's answer setting out these defenses; and also offered in evidence the accounts presented by Avery Company at the time said time warrants were issued. W. T. Green, one of the county commissioners, the county judge, and the agent of Avery Company who carried on the negotiations with the county testified. Each of said witnesses testified, in effect, that the bid made by Avery Company to the county was that none of the purchase price of said tractors should be paid during the year 1919, but that same would be sold to the county on time, to be paid in one, two, and three years; the county judge and the commissioner who testified testifying that the tractors were being purchased to be used, one in commissioner's precinct No. 1 and the other in commissioner's precinct No. 2 of said county. W. T. Green was commissioner of precinct No. 2, and E. D. Ward was commissioner of precinct No. 1 at the time of the transactions in controversy. It was shown that Mr. Ward was dead at the time of trial and his testimony could not therefore be obtained.

The agent of Avery Company testified that the bid of said company was that it would sell the two tractors to Hill County for $3,375 each, and that said bid was accepted by the commissioners' court, subject to satisfactory demonstration of said tractors; that in making said bid Avery Company agreed to make such terms as the commissioners' court desired; and that, at the time the bid was accepted and the order given for said tractors, it was specified that same were to be paid for by time warrants to be due in future years, bearing 6 per cent. interest; and that said deferred payments were evidenced by the time warrants thereafter issued. After said bid was accepted, Avery Company delivered to appellant the two 25–50 tractors, and, after same were tested and accepted, Avery Company, on March 26, 1919, presented its six accounts, two payable each year for three consecutive years, being one on each of said tractors for each of said years; and the three accounts for the tractor purchased for the use of commissioner's precinct No. 1 were O. K.'d by E. D. Ward as commissioner and by R. T. Burns, the county judge, and by the county auditor. Each of the accounts for the tractor purchased for the use of commissioner's precinct No. 2 were approved by W. T. Green, commissioner of said precinct, and by the county judge and county auditor. Thereafter the county clerk issued the time warrants, payable two due April 1, 1920, two due April 1, 1921, and two due April 1, 1922, each account for which the respective warrants were issued being for $1,125, plus 6 per cent. interest per annum on all of the unpaid portion against the respective tractors. The first four of said warrants were paid when they became due. When the last two fell due their payment was refused, and

this suit was instituted by appellee to recover the amount thereof.

This is the second appeal of this case. Colonial Trust Co. v. Hill County (Tex. Com. App.) 294 S. W. 516. The former appeal was from the judgment of the trial court sustaining a general demurrer to appellee's petition. On the former appeal of this case the Supreme Court stated:

"If at the time the purchase was made it had been in contemplation that any part of the purchase price should be paid from taxes levied and collected for future years, the contract under this section would have been a prohibitive one. Andrus v. Crystal City (Tex. Com. App.) 265 S. W. 550.

"We think the order of the Commissioners' Court of February 28, 1919, was an appropriation of funds within the immediate control of the County for the payment of this obligation, and that this purchase did not have the effect to create a debt in contemplation of Article 11, § 7, of our Constitution. The fact that after the offer of sale was accepted and the tractors delivered time warrants were issued by order of the Commissioners' Court, payable in 1922, did not render void the obligation which was valid and binding when it was made."

After the cause was reversed, appellee, in a supplemental petition, for the first time alleged that the reason Avery Company presented said accounts to the commissioners' court of Hill county, payable in future years, was by reason of a subsequent ancillary agreement for the issuance of time warrants instead of demand warrants. Presumably, this was done to meet the suggestion contained in the opinion of the Supreme Court above quoted that "the fact that after the offer of sale was accepted and the tractors delivered time warrants were issued by order of the Commissioners' Court, payable in 1922, did not render void the obligation which was valid and binding when it was made." Appellee did not offer any evidence tending to show that any future or further order was made by the commissioners' court relative to the payment for said tractors other than that of February 28, 1919. If the time warrants were issued without any order of the commissioners' court, same would not be a binding or valid obligation against the county. Our Supreme Court, in the early case of Brown v. Reese, 67 Tex. 318, 3 S. W. 292, held that a warrant signed by the county judge was not enforceable unless same had been approved and ordered issued by the commissioners' court while in session. In said case it was held that parol evidence was admissible to show that such an order was actually made. Again, in Polly v. Hopkins, 74 Tex. 145, 11 S. W. 1084, the Supreme Court held that a contract made by the county judge without the approval of the commissioners' court, sitting as a court, was invalid. Again, it was held by the Supreme Court in Ball v.

Presidio County, 88 Tex. 60, 29 S. W. 1042, that a debt against a county could not be created except by an order of the commissioners' court, duly made by said court.

As we understand appellee's contention in this court, it does not claim that any order was issued except the one of February 28, 1919, by the commissioners' court relative to issuance by the county clerk of, or the payment of, the warrants. Appellee's sole contention in this court, as we understand it, is that the order made by the commissioners' court on February 28, 1919, provides, in effect, that same was to be paid from the current funds of said county for 1919. Appellee contends that the order of the commissioners' court accepting the bid of Avery Company is unambiguous, and further, that appellant's pleadings do not raise an issue of ambiguity, and, further, that said issue cannot be raised except by a plea of fraud, accident, or mistake; and that for said reasons the testimony with reference to what was the bid and what was the contract and agreement between Hill county and Avery Company was inadmissible. Appellee further contends that the judgment of the commissioners' court as entered was conclusive of the fact that all of the purchase price of the tractors was to be paid out of the current funds for the year 1919.

■ We think the pleadings of appellant were sufficient to raise an issue of ambiguity. It has been held specifically that it is not necessary to allege fraud, accident, or mistake as a predicate for the introduction of testimony to show that an instrument is ambiguous. Curry v. Texas Co. (Tex. Civ. App.) 8 S.W.(2d) 206 (error dismissed).

■■ We think clearly that the order as entered by the commissioners' court on February 28, 1919, at the time it contracted to purchase the tractors in question, is ambiguous. Appellee, in attempting to state its cause of action and its construction of said order and explanation of what it considered same meant, took about six or eight typewritten pages; and appellant, in order to explain its contention relative thereto, required about an equal number of pages. The judgment as entered recites that the bid of Avery Company was accepted, and that the same was to be paid out of the funds of precincts 1 and 2. It does not state that the payment is to be made presently, that is, by demand warrants against current funds within the immediate control of the court. It does not order the issuance of a warrant of any kind for such payment. It did not attempt to provide how or when such payment was to be made. It did not state whether same was to be paid before or after the tractors were delivered, or whether the tractors were to be approved and accepted before the warrants were issued. Neither does it state whether the two tractors were to cost $3,375 each, or whether they were to cost $300 each, or

whether the county was to take one of each of the two tractors named and embraced in the bid; namely, one for $3,375 and the other for $300. It does not state the terms or the provisions of the bid as actually made by Avery Company. The order as entered simply recites that the bid of the Avery Company for tractors was examined and found to be the lowest bid, and that its bid on "25–50 tractor" was 3375 (does not state whether it was dollars, or what), and bid on 40–80 tractor was $300.00, and that the acceptance by the County of said bid means for two tractors, to be paid out of the funds of precincts 1 and 2 of Hill County." While, without any testimony relative thereto, it might be presumed as a matter of fact that it was the intention of the commissioners' court and the Avery Company that the tractors should be paid for out of funds of the current year, a presumption of fact is always disputable, and always gives way to proof to the contrary. Largen v. State, 76 Tex. 323, 13 S. W. 161; American Central Ins. Co. v. Heath, 29 Tex. Civ. App. 445, 69 S. W. 235 (error refused); Moore v. Supreme Assembly, 42 Tex. Civ. App. 366, 93 S. W. 1077 (error refused). The order of the commissioners' court being ambiguous, especially with reference to the time and manner in which the payments for the tractors should be made, it was not error for the trial court to admit testimony showing the real contract. The Supreme Court held in Mecom v. Ford, 113 Tex. 109, 252 S. W. 491, that an order made by a commissioners' court which was not placed on the minutes at all, could be proved in a collateral proceeding, and that it could be shown by parol testimony that the order was actually made. In Eastland County v. Davisson (Tex. Civ. App.) 290 S. W. 196, the rule was laid down that: "When there is ambiguity in a judgment, parol evidence is admissible to show what was involved and settled by the judgment, and, further, where the judgment is silent and omits to explain matters and recitations, and the effect is not to contradict same, that then parol evidence is admissible to explain it."

34 C. J. p. 503, lays down the rule that, where the language of a judgment is ambiguous or its meaning doubtful, reference may be had to the pleadings in the case and the judgment interpreted in the light which they throw upon it. Again, 34 C. J. p. 506, lays down the rule: "Evidence outside the record, even parol, is admissible to show for what the judgment was recovered, that is, what was the real cause of action. A judgment may be construed in the light of the circumstances under which it was rendered."

In Magnolia Warehouse & Storage Co. v. Davis & Blackwell, 108 Tex. 422, 195 S. W. 184, it was held that parol evidence was admissible in order to remove ambiguity from a written contract and in order to make complete the terms thereof, which terms were in-

complete as written. To the same effect is Miller v. Wilson (Tex. Civ. App.) 258 S. W. 540. In Head v. Cleburne Bldg. & Loan Ass'n (Tex. Civ. App.) 25 S. W. 810, and in Rawls v. Pool (Tex. Civ. App.) 135 S. W. 247, it was held that parol testimony is admissible to show the maturity date agreed upon for the payment of a note, when the maturity date is not stated therein. In Armstrong v. Wilson (Tex. Civ. App.) 109 S. W. 955, it was held that, where a note recited in its face that it was secured by securities mentioned on the reverse side, and no securities were so mentioned, that parol evidence was admissible to show what securities were intended. In Zavala Land & Water Co. v. Tolbert (Tex. Civ. App.) 184 S. W. 523, it was held that, where a written contract provided that "it is agreed to bore on land above described, 10% inch casing, guaranteeing water," parol evidence was permissible to show that such agreement meant sufficient water for irrigation purposes. In support of the same doctrine, see Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000; Britton v. Baxley (Tex. Civ. App.) 252 S. W. 880; Pyron v. Brownfield (Tex. Civ. App.) 238 S. W. 725, and authorities there cited; Meyers v. Maverick (Tex. Civ. App.) 28 S. W. 716; Curry v. Texas Co., supra; Missouri, K. & T. Ry. Co. v. Bodie, 32 Tex. Civ. App. 168, 74 S. W. 100; Hart v. Light (Tex. Com. App.) 245 S. W. 671; Ranger Cisco Oil Co. v. Consolidated Oil Co. (Tex. Civ. App.) 239 S. W. 648; Shields v. Perrine (Tex. Civ. App.) 181 S. W. 232; Glasgow v. Hill County (Tex. Civ. App.) 25 S. W. 989.

■ It is a well-established rule of law that the acts of the parties themselves, indicating the construction they mutually placed upon a contract at the time, may be considered in interpreting such contract. Ranger Cisco Oil Co. v. Consolidated Oil Co., supra; Moore v. Waco Building Ass'n, 9 Tex. Civ. App. 404, 28 S. W. 1033. It appears from the record in this case that Avery Company, after its bid had been accepted, in compliance with its understanding thereof, brought the tractors to Hill county and had same tested and accepted, presented the three accounts for each tractor, payable in one, two, and three years from said date, including 6 per cent. interest per annum, and accepted time warrants in payment for said tractors in conformity with said accounts.

■ Appellee's contention that it is entitled to recover for the value of the machinery, although the warrants are invalid, is, we think, untenable. There is no allegation in appellee's petition, neither is there any testimony that in any way indicates or suggests that at the time appellee purchased the warrants in controversy that it knew the consideration for which same had been issued, or that it purchased any equitable rights, liens, or claims that the Avery Company may have had against Hill county. Rogers National Bank v. Marion County (Tex. Civ. App.) 181 S. W. 884 (writ refused); Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S. W, 1027. In addition, we think the claim for the value of the machinery was barred by the statute of limitation at the time the suit was filed. It appears that the machinery was purchased in February, 1919, and this suit was not filed until January, 1926. Gould v. City of Paris, 68 Tex. 511, 4 S. W. 650; Texas Water & Gas Co. v. City of Cleburne, 1 Tex. Civ. App. 580, 21 S. W. 393.

■■ The trial court in its judgment stated that it thought the law was with appellee, and for said reason rendered judgment in its favor. Whether its opinion was based on its construction of the opinion of the Supreme Court in the former hearing, or whether it was based on the testimony offered in the trial of the case, is not revealed. We do not think the evidence is sufficient to sustain a presumed finding by the trial court that the tractors in controversy were to be paid for out of funds of the current year of 1919. Neither do we think the trial court was warranted as a matter of law in holding, under the facts in this case, that the warrants were valid and subsisting obligations against appellant.

The judgment of the trial court is reversed, and the cause remanded.

STANFORD, J. Not being able to agree with my associates, I hereby file the following dissenting opinion:

This suit was filed by appellee to recover of appellant a debt evidenced by two time warrants in the sum of $1,192.50 each, executed by appellant, the one on April 1, 1919, and the other on April 4, 1919, both of said time warrants having been given payable to the order of the Avery Company in part settlement for two tractors purchased by appellant from said Avery Company on February 28, 1919; said time warrants having been transferred by indorsement without recourse before maturity by the Avery Company to appellee. Appellant defended upon the ground that said debt for said two tractors was created without any provision being made for the payment of same out of the current revenues of the county for the current fiscal year 1919, or out of any funds within the immediate control of the county, contrary to the provisions of section 7 of article 11 of the Constitution of Texas, by reason of which the debt sued upon was void. The case has heretofore been before this court and is reported in 288 S. W. 849, and also before our Supreme Court, reported in 294 S. W. 516. The case was tried before the court without a jury and judgment rendered for appellee, plaintiff below, for the amount of said two time warrants, from which judgment appellant has appealed.

By its first and fifth propositions, appellant contends, in effect, that the evidence estab-

lished conclusively that the contract of purchase of said two tractors included an agreement that, the purchase price thereof should be paid entirely out of taxes levied and collected for future years, and that no provision was made for payment therefor, by reason of which the debt and warrants sued upon, under section 7, article 11 of. the Constitution, were void, and the trial court erred in not so holding. To show said contract of purchase, as shown by the order of the commissioners' court, did include such agreement, appellant, over proper objections by appellee, was permitted to introduce parol evidence. Based upon its cross-assignments and proper bills of exception, appellee contends that the court was in error in admitting said parol evidence, but contends, further, that with said parol evidence before the court it was still a question of fact for the court whether or not, under the contract of purchase of said tractors, the price therefor was to be paid out of funds available during the current fiscal year of 1919, the year same were purchased, and that the court was correct in resolving this question of fact in favor of appellee. As these questions are so closely related, it is thought they should be considered together. Appellee introduced and relied upon the following testimony to sustain a recovery:

The order of the commissioners' court as follows:

"In the Matter of Receiving Bids for Tractors, Graders, Plow, etc.

"In Commissioners' Court, Hill County, Texas, February 28, 1919.

"On this day came on to be examined the bids for tractors, graders, plows, etc., and it appearing upon investigation that the following were the lowest bids.

"The Avery Co. of Texas. Bid on 25–50 Tractor $3375.00. Bid on 40–80 Tractor $300.00.

"J. D. Adams & Co. bids, reclamation Ditcher 12 feet blade $1125.00, Giant King 10 foot blade $980.00; Scanfier attachment $85.00; Road Maintainer, $370.00; Ructer Tractor Plow, $44.75.

"It is therefore the order of the Court that the same be purchased from said companies and that the above acceptance means for two graders, and two Tractors; and that the same be paid out of the funds of precincts 1 and 2 of said Hill County, Texas."

The time warrant No. 8982 is as follows:
"No. 8982.                               $1192.50.
"No. 1740 Time Warrant Due 4—1—1922.
"The Treasurer of the County of Hill, State of Texas:
"Pay to the order of The Avery Co. of Texas the sum of One Thousand One Hundred Ninety-two and 50/100 Dollars out of the R. & B. Fund, being the amount allowed by the Commissioners' Court of said County on the 1st day of April, A. D. 1919.

"For Gas Tractor.
            Time warrant due April 1, 1922.
"Witness my hand and seal of said Court, at Hillsboro, this 1st day of April, 1919.
            "Jas. Q. Carmichall,
    "Clerk County Court, Hill County, Texas.
"Countersigned:
    "————————, County Auditor."
Indorsed:
"Pay to the order of Colonial Trust Co. without recourse.
            "Avery Company of Texas,
            "By F. M. Wedmayer, Treasurer."
Time warrant No. 9079 is as follows:
"No. 9079                                $1192.50.
        "No. 1741   Due 4—1—22
"The Treasurer of the County of Hill, State of Texas.
"Pay to the order of The Avery Co. of Texas the sum of Eleven Hundred Ninety-two and 50/100 Dollars out of the R. & B. Fund, being the amount allowed by the Commissioners' Court of said County on the 4th day of April, A. D. 1919.
"For Gas Tractor.
            Time warrant due 4—1—1922.
"Witness my hand and seal of said Court, at Hillsboro, this 4th day of April, 1919.
            "Jas. Q. Carmichall,
    "Clerk County Court, Hill County, Texas.
"Countersigned:
    "————————, County Auditor."
Indorsed:
"Pay to the order of Colonial Trust Co. without recourse.
            "Avery Company of Texas,
            "By F. M. Wedmayer, Treasurer."
"It was agreed by counsel for both plaintiff and defendant that 'R. & B. Fund' mentioned in the above warrants referred to the Road and Bridge Fund."

"It was agreed by counsel for plaintiff and defendant that the tax levy for 1919, Volume J, page 157, dated 7—14—19, was as follows:

| | | |
|---|---|---|
| General Fund | 22¾ | cents |
| Jury Fund | 4 | cents |
| Improvement Fund | 2 | cents |
| Road and Bridge Fund | 13 | cents |

"That the cash balance as shown in the Auditor's office on the 28th day of February, 1919, to the credit of the Road and Bridge Fund, Precinct No. 1, was $1,543.39.

"That in the General Fund of Hill County on the 28th day of February, 1919, the balance was $10,610.37.

"All of these amounts exclusive of bonded indebtedness.

"That the assessed valuation of property in Hill County for taxation for the year 1919 was $30,752,585."

The several accounts dated March 26, 1919, involved in the transaction in favor of the Avery Company of Texas and against Hill county, including the account sued on, were duly presented to the commissioners' court

and time warrants issued therefor April 1, 1919.

The secretary-treasurer of appellee testified, in substance, that appellee was the county depository for Hill county in 1919 and handled practically all of the county funds; that on February 28, 1919, the books of said depository showed $35,133.97 to the credit of the county treasurer, and $317,737.80 to the account of the tax collector, making an aggregate of $352,871.77, not including special road district funds; that part of that money belonged to the state; the most of it belonged to Hill county; that the most of those funds arose from county taxes; that the Colonial Trust Company bought those warrants before maturity from the Avery Company of Texas and paid the money for them. "The warrants now belong to the Colonial Trust Company. The first objection made to the payment of these time warrants was when we presented the ones last maturing to the County Auditor to be signed, on April 1st, 1922. I was with the Colonial Trust Company at the time the earlier warrants were paid. I don't remember whether all of the members of the Commissioners' Court were the same at the time these warrants were paid as composed said court at the time the original transaction was had, but it was practically the same." The evidence is undisputed that appellant received said tractors soon after their purchase in 1919; that the market value of said tractors was $3,375 each; that they did good work, and there were no defects in said machinery; that they were operated on the Hill county roads about four years—until they were worn out and of no value.

Appellant, in defense to appellee's cause of action, over the objection of appellee, introduced the evidence of W. T. Green, R. T. Burns, and Ralph Boston. The evidence of Green was as follows:

"But the man who was then present, acting as agent for the Avery Company stated to the Commissioners' Court that we did not have to pay any money down, but could fix our own terms of payment. The Commissioners' Court then stated to the man representing the Avery Company that we would buy the Tractors, if said Company would accept payment in three equal installments to be evidenced by time warrants to run for three years. At that time we did not have any funds on hand with which to pay for the tractors. Hill County did not then have the right under the law to levy more than fifteen cents on the hundred dollar valuation tax for road and bridge purposes, and the money raised from that levy was divided between the different commissioners' precincts according to the tax valuation of the property in each precinct. The part of it that Dr. Ward and I would get by levy of said fifteen cents for 1919 would not be enough to pay for the ordinary and necessary expense that we knew we would have to incur during that year in our respective precincts, such as building bridges and paying for the grading of roads. He and I mentioned that at the time we bought these tractors and it was our purpose to use all of the road and bridge fund raised by taxes levied during 1919 for the ordinary expense of keeping up bridges and grading roads. We contemplated using all of the money that we could raise by levy of taxes for 1919 for purposes other than paying for these tractors, and that fact was discussed by both of us, that was the reason we would not buy the tractors until the Avery Company agreed to take pay for them in time warrants. We made the time warrants so that payment for these tractors would be deferred and paid out of taxes levied for years later than 1919."

"At the time we bought these tractors we did not have much money left on hand in the road and bridge fund from taxes raised during years preceding 1919. What we had was not enough to pay the expenses of repairing bridges and grading roads, that we knew would have to be paid within the next few weeks, and we were not willing to spend that money for tractors. This was mentioned by Dr. Ward and myself."

The evidence of Burns was as follows:

"My recollection is that the time of payment was over a period of three years and the warrants were for $1100.00 * * *

"Mr. Buster assured the Court that they could have all of the time that they wanted to pay for said tractor. Mr. C. Buster told the Court that if the Court run short of funds that the time of payment could be extended. As I remember, and as stated above, it was all on time or deferred payments. I was present during the discussion the Commissioners' Court had relative to this matter.

"The Commissioners' Court intended to pay for said tractors out of the road and bridge fund of Hill County. The Commissioners' Court intended to pay for said tractors from taxes, road and bridge fund, that was levied for the years following the date of the contract."

The evidence of Boston was as follows:

"At the time the Avery bid was accepted order was taken from the Commissioners in which they specified a cash payment and warrants payable in either one or two years with 6 per cent interest."

To the admission of the evidence of each of said witnesses the appellee objected, in substance, as follows: (1) Because it tended to vary, affect, and change the legal import of a written order entered upon the minutes of the commissioners' court; (2) said evidence involves conclusions of the witnesses; (3) the evidence with reference to conversations was hearsay; and (4) said evidence was immaterial and irrelevant. Separate bills of exceptions were reserved to the admission of the evidence of each of said witnesses, cross-assignments of error thereon filed, and properly

briefed. So the admissibility of said evidence is properly before this court, and it is thought said three assignments should be considered together, and before considering appellant's assignments as to "what the record conclusively establishes," or the sufficiency of the evidence to support the judgment. The opening statement of the witness Green, contained in the first two·sentences, it will be observed, does not undertake to state the words or language uttered by the supposed agent for the Avery Company, nor the language used by the commissioners' court in reply thereto. The remainder of the evidence of this witness consisted wholly of an argument on the part of the witness, based on hearsay, conclusions by the witness of law and fact, and even on what other members of the court "thought." The objections that the evidence was hearsay and was based on conclusions of the witness, etc., should have been sustained. What is said above is equally applicable to the evidence of R. T. Burns and Ralph Boston. The further objection by appellee that all said evidence tended to vary, add to, and change the legal import of a contract evidenced by a written order of the commissioners' court, it is thought, should have been sustained.

The order of the commissioners' court of February 28, 1919, duly recorded in the minutes of said court, reciting the offer of the Avery Company to sell the tractors to appellant, and ·reciting appellant's unqualified acceptance of said offer and directing that payment be made therefore out of the funds of appellant county, constituted a contract of purchase, evidenced by said order, and parol evidence was not admissible to show said acceptance was not as it recites, but was conditional—conditioned upon certain terms of payment. Article 2349, Revised Civil Statutes; Brown et al. v. Reese, 67 Tex. 318, 3 S. W. 292; Gano et al. v. Palo Pinto County, 71 Tex. 99, 8 S. W. 634; Wagner et al. v. Porter (Tex. Civ. App.) 56 S. W. 560; Fayette County v. Krause, 31 Tex. Civ. App. 569, 73 S. W. 51 (writ refused); Douglass et al. v. Myrick · et al. (Tex. Civ. App.) 159 S. W. 422 (writ refused); Mosler Safe Co. v. Atascosa County (Tex. Civ. App.) 184 S. W. 324; King v. Marion County (Tex. Civ. App.) 202 S. W. 1052; Polly, County Judge, v. Hopkins, 74 Tex. 145, 11 S. W. 1084; Potter County v. Boesen (Tex. Civ. App.) 191 S. W. 787; Headlee v. Fryer (Tex. Civ. App.) 208 S. W. 213.

It is true an order of a commissioners' court, like the judgment of any other court of record, which has not been entered of record as required by law, may be entered upon motion made therefor nunc pro tunc. It is also true, where an order of the commissioners' court has not been spread upon the minutes of said court as required by law, parol evidence is admissible in some instances to prove such order was in fact passed by said court. There is nothing in the evidence of any one of these witnesses that tends to show that the commissioners' court as such adopted any proposition or agreed to any order other than the one entered upon the minutes of said court. Ewing et al. v. Duncan, 81 Tex. 230, 16 S. W. 1000; Fayette County v. Krause, supra; Mecom et al. v. Ford et al., 113 Tex. 109, 252 S. W. 491, and cases there cited;. Rankin et al. v. Noel, County Com. (Tex. Civ. App.) 185 S. W. 883. But where the order has been entered, parol evidence is not admissible to vary, or change the legal import of, or contradict, such order, or to prove the intention of the court in making such order, as is held by authorities first above cited. As said by our Supreme Court in Gano v. Palo Pinto County, supra: "The Commissioners' Court is a court of record, and speaks through its minutes and not by the mouths of the members of the body."

It is also true, if it is claimed that an order of the commissioners' court, duly adopted and recorded, is erroneous or has omitted something that should have been included, the proper method is to amend the minutes by a motion made in that court, and not by allegation and proof in another tribunal in which litigation concerning its orders may arise. Gano v. Palo Pinto County, supra; Mosler Safe Co. v. Atascosa County, supra; Potter County v. Boesen, supra; Headlee v. Fryer, supra. In any event, if it were permissible to alter, vary, or change the legal effect of an order of the commissioners' court, which in itself constitutes a contract, duly enacted by said court and entered of record upon its minutes, in a case involving such order in another court, which our courts have never held, evidently parol evidence would not be admissible in the absence of pleading setting out the error or respect in which it is claimed the order of the commissioners' court is erroneous, and that same was the result of fraud, accident, or mistake. Gano v. Palo Pinto County, supra; Douglass v. Myrick (Tex. Civ. App.) 159 S. W. 422; Mosler Safe Co. v. Atascosa County, supra. But appellant contends said order of February 28, 1919, is ambiguous and does not express the intention of the commissioners' court, and therefore parol evidence was admissible to explain it and to show the intention of said court. There was no pleading by appellant that said order was in any way erroneous or entered by reason of fraud or mistake. Appellant did plead and offered by said parol evidence to prove the intention of said court in respect to the time of payment for said tractors. It is thought said order is clear and explicit; having been passed by said court and duly entered upon its minutes, and not being in any way ambiguous, it alone should be looked to for the intention of the court in passing same. As stated above, the commissioners' court is a court of record and speaks through

its minutes and not through the mouth of one of its members. Gano v. Palo Pinto County, supra; Douglass v. Myrick, supra; Mosler Safe Co. v. Atascosa County, supra; Potter County v. Boesen (Tex. Civ. App.) 191 S. W. 787; Headlee v. Fryer, supra. I have examined all of appellant's authorities cited on the point here involved, and do not think they are in point. Our Supreme Court has passed upon the effect of said order, 294 S. W. 516. The parol evidence of which complaint is made in appellee's cross assignments, it is thought, was not admissible, and the court was in error in admitting same. If the agent of Avery Company did state to the court that it did not have to pay any money down, or that, if the court ran short of funds, the time of payment could be extended, same does not preclude the idea that said court intended to pay for said tractors out of the current revenues for the fiscal year of 1919, or that said court did not at the time of purchase, as evidenced by said order, intend to make payment out of the revenues of the fiscal year of 1919, and afterwards, a month later, about April 1st, as shown by the time warrants, directed their issuance. Green was the only witness, who was a member of said court at the time of the purchase, who testified to the intention of said court in respect to buying on time.

The evidence of R. T. Burns above referred to was by deposition, and was in part as follows: "The entry copied in interrogatory No. 7 as follows: 'No. 833. Avery Company of Texas bid on 25–50 Tractor 3375, bid on 40–80 Tractor $300 2/28/19. It is ordered by the Court that No. 833 bid be accepted. Done in open court, all members present and acting except W. T. Green. The above acceptance means for two engines to be paid out of precincts 1 and 2'—has reference to the same transaction as that mentioned by me in response to preceding interrogatories. I wrote that entry in the Commissioners' Court records. The bid of the Avery Company of Texas was submitted to the Commissioners' Court of Hill County by Mr. C. Buster."

It will thus be seen, according to the order entered by the then county judge of Hill county, W. T. Green was not present when the order of purchase was adopted, and, if not present, he could not know what was said or intended. There were three others who did not testify. The presumption is the court knew the law, and I think the presumption should be indulged the court intended to make a valid contract, and did not intend to perpetrate a fraud. The court treated the contract as valid by paying all the time warrants except these last ones. The first and only documentary evidence that the payments should extend over future years were the sales accounts and time warrants, dated about April 1, 1919, more than a month after the purchase. It is thought the trial court had the right to disbelieve the parol evidence of Green, and to find, from the face of the order and all the circumstances, that at the time the purchase was made the court intended to pay for same out of the revenues of the fiscal year 1919, and that the plan of extending said indebtedness over future years was decided upon some 30 days later. So if said parol evidence was properly admitted and considered by the court in connection with said written order entered of record, still, as to whether, under the contract of purchase, the purchase price of said tractors was to be paid out of funds then available or to become available out of taxes for the fiscal year of 1919, or out of revenues of future years, was a question of fact for the court, and in support of the judgment, there being evidence to warrant same, I think we should presume the trial court found said issue of fact in favor of appellee. But the case having been tried before the court, and the court not having filed any findings of fact, and the court having rendered judgment for appellee, the party complaining of said incompetent evidence, it will be presumed on appeal that the court did not consider said improper testimony, although admitted. Martin v. A. B. Frank Co. (Tex. Civ. App.) 125 S. W. 958; Robinson v. Dale, 62 Tex. Civ. App. 277, 131 S. W. 308; Kingsville Cotton Oil Co. v. Dallas Waste Mills (Tex. Civ. App.) 210 S. W. 832 (writ refused); Joseph v. Puryear et ux. (Tex. Civ. App.) 273 S. W. 974; Wilcox et al. v. Dillard (Tex. Civ. App.) 3 S.W.(2d) 507 (writ refused). The order of the commissioners' court evidencing the contract of purchase of date February 28, 1919, shows conclusively that on said date the Avery Company submitted to the commissioners' court of Hill county an offer to sell said county two tractors for $3,375 each; that by order made and entered in the minutes by said commissioners' court on said date it accepted said offer and directed that the purchase price of said tractors "be paid out of the funds of precincts 1 and 2 of said Hill County, Texas." The record shows conclusively that said tractors were delivered and accepted by said county, and thereafter on the order of the commissioners' court entered April 1, 1919, and April 4, 1919, more than a month after the purchase, warrants were issued in payment for said tractors, including the two time warrants upon which this cause of action is based; that all other warrants so issued have been paid by the county; that the County, after accepting said tractors, used them on its public highways, and continued to so use them until they became worn out and are now of no value as the result of the continued use and operation upon the public highways of Hill county. The record shows further that, when said warrants were issued by order of the commissioners' court, there was on hand, as a balance in the road and bridge fund, $1,247.29,

and that there was levied and collected a tax for the year 1919 sufficient to pay said warrants. Appellant contends further that the fact the commissioners' court did not by order appropriate the funds available, or.to become available during the fiscal year of 1919 to pay for said tractors, shows they were to be paid for out of the revenues of future years. We think the opinion of our Supreme Court fully answers this contention. On the former appeal of this case, 294 S. W. 516, the Commission of Appeals, in an opinion ap-. proved by our Supreme Court, said: "We think the order of the Commissioners' Court of February 28, 1919, was an appropriation of funds within the immediate control of the county for the payment of this obligation, and that this purchase did not have the effect to create a debt in contemplation of Article 11, § 7, of our Constitution. The fact that after the offer of sale was accepted and the tractors delivered time warrants were issued by order of the Commissioners' Court, payable in 1922, did not render void the obligation which was valid and binding when it was made." Colonial Trust Co. v. Hill County, 294 S. W. 516.

It is thought all of appellant's assignments should be overruled and the judgment of the trial court affirmed.